## Youghiogheny Bridge Company, Appellant, *v.* Pittsburg and Connellsville Railroad Company.

*Railroads—Eminent domain—Bridge company—Right of one corporation to condemn the property of another.*

A railroad company may for the purposes of additional tracks condemn land belonging to a bridge company, not being in the actual use of the bridge company, or necessary to the proper or convenient exercise, present or prospective, of its franchise, where it appears that the proposed additional tracks are a necessity to the railroad company for the proper, efficient and safe handling of its business, and that this necessity can be met in no other way than by the appropriation of such land.

In such a case where a bill in equity is filed by the bridge company against the railroad company to prevent the taking of the land, and it is suggested to the court that the bridge company intended to use a portion of the land for the erection thereon of a toll house, and it appears that the toll house may be erected upon a steel bent between the proposed tracks, the court may permit the condemnation to proceed subject to the right of the bridge company to construct and erect the steel bent for the toll house in the manner described.

Argued Feb. 4, 1902. Appeal, No. 318, Jan. T., 1901, by plaintiff, from decree of C. P. Fayette Co., No. 351, in equity, dissolving preliminary injunction in case of Youghiogheny Bridge Company v. Pittsburg and Connellsville Railroad Company. Before McCollum, C. J., Dean, Fell, Brown and Mestrezat, JJ. Affirmed.

Bill in equity for an injunction.

Reppert, P. J., filed the following opinion:

1. The plaintiff is a regularly organized corporation of the state of Pennsylvania, authorized to erect and maintain a toll bridge over the Youghiogheny river at the borough of Connells-

ville, Fayette county.   Pursuant to the rights so granted said corporation erected and for many years has maintained a bridge over said river at that point.

2. The defendant is a like corporation, authorized to construct, maintain and operate a railroad from the city of Pittsburg, Pennsylvania, by the course of the Monongahela and Youghiogheny rivers to and beyond the said borough of Connellsville.   Under its charter the defendant constructed its road by said route from Pittsburg to the Maryland line.   The road connects the cities of Pittsburg, Pennsylvania, and Cumberland, Maryland.

3. By agreement dated December 13, 1875, the defendant leased its line of road together with all its branch roads, depots, appurtenances, etc., for the term of fifty years from January 1, 1876, to the Baltimore & Ohio Railroad Company.   By the terms of this lease the right of eminent domain shall be exercised by the Pittsburg & Connellsville Railroad Company through its corporate name and organization whenever required by the lessee for the purpose of carrying out the terms of the contract, and for the purpose of making appropriation of property by the lessee deemed necessary for making any improvements or extensions or branches contemplated under the agreement.

4. The eastern approach to said bridge is by Main or Spring street in the borough of Connellsville.   The tracks of the defendant company, two in number, run at right angles with main street and occupy about twenty-four feet of the western portion of Water street.   Prior to 1898 the tracks crossed the eastern approach to the bridge at grade.   In or about that year the bridge was rebuilt, the new structure being, with reference to the railroad tracks and Water street, what is known as an overhead bridge.   The elevation of the present bridge above Water street and the railroad tracks is about twenty feet.   This was accomplished by erecting a stone pier at the water's edge a few feet south of the old abutment on the east side of the river of sufficient height; fifty-six feet east of this pier a steel bent was erected upon a stone foundation; fifty-five feet east of the first bent a second is erected; fifty-four feet east of the second bent there is a stone abutment at which point is the present entrance to the bridge from Main street.   From this entrance to the

bridge to the stone pier at the water's edge there are therefore three spans of the bridge. The first span of fifty-four feet occupies the north side of Main street; the second span of fifty-five feet crosses Water street including the two tracks of the defendant, and the third span of fifty-six feet extends thence to the pier at the water's edge. The second span over Water street and the tracks is level; the third span to the water's edge is on a distinct grade towards the river.

5. The freight and passenger stations of the railroad company are about 1,000 feet north of the bridge; the engines are coaled from bins and tipples about 500 feet north of the stations, and engines not in use are kept about 1,000 feet north of the stations. For these purposes and in connection therewith five tracks with sidings are in use. At about the same distance south of the bridge are the company's yards sixteen tracks wide and holding about 1,200 cars. The company have in contemplation an addition to the present yard both in length and width; also shops and round houses and land necessary for these purposes has been and is being acquired. By means of the contemplated improvements the east-bound traffic can be collected on the tracks on one side of the station and the west-bound traffic on the tracks on the other side.

6. Connellsville is the end of a division and an important point, and the improvements mentioned are required in order to handle the business of the company which has greatly increased in the last three years. By the present arrangement all the traffic of the road at this point passes over the two tracks at the bridge, and the shifting of cars and engines between the yards above and below the bridge is over the same tracks. This arrangement is both dangerous and inconvenient and hinders the prompt and efficient handling of the road's traffic.

7. In order to obviate these difficulties the defendant seeks to connect the yards above and below the bridge by two additional tracks, passing under the third span of the bridge—that is between the pier at the water's edge and the adjacent bent, and to that end instituted condemnation proceedings in the court of common pleas of Fayette county at No. 287, September term, 1901, for the appropriation of a lot of land in said proceedings described and containing thirty-nine-hundredths of an acre. The lot lies between the present tracks and the river

and under and on either side of the bridge, and is owned or claimed to be owned by the plaintiff.

8. The proposed additional tracks are a necessity to the defendant company for the proper, efficient and safe handling of its business, and this necessity can be met in no other way than by the appropriation of the land above described.

9. The appropriation of the said lot and the construction thereon of the proposed tracks would not interfere with the present or prospective exercise of the corporate powers or duties of the plaintiff or with the performance of its duties or obligations to the public, and the injury to the plaintiff by the appropriation of this land can be compensated in damages. The present structure of the bridge occupies no portion of the land proposed to be taken and the land is not in use by the plaintiff for any purpose connected with the exercise of its franchises. The only use proposed to be made of any portion of the lot in connection with the bridge is for the erection of a toll house. The president of the bridge company testifies that it has been the intention of the company to erect a toll house on a portion of the lot. The toll house in use since the present structure was erected is attached to and supported by the bridge. If it should be desired to replace the present toll house a new one could be erected upon bents, one of which could be placed between the proposed tracks.

10. In 1899 negotiations for the purchase or lease of this lot of land were had between the bridge company and the railroad company and the terms were virtually agreed on. The consideration was to be $3,500. When, however, the papers for consummating the transaction were prepared the bridge company claimed that the negotiations called for a lease or quitclaim deed giving the railroad company the use of the lot for railroad purposes, while counsel for the railroad company demanded a deed with clause of general warranty. The negotiations then fell through.

### CONCLUSIONS OF LAW.

1. The defendant has the legal right to appropriate by condemnation proceedings the land described and to construct thereon the proposed tracks, the said land not being in the actual use of the plaintiff or necessary to the proper or convenient

exercise, present or prospective, of its franchise, reserving, however, and subject to the right of the plaintiff to construct and erect between the proposed tracks and parallel therewith a steel bent sufficient to sustain, in connection with said bridge, a toll house, together with the foundation necessary for the support of said bent.

2. The motion to dissolve the preliminary injunction must be sustained.

### DECREE.

And now, October 12, 1901, this cause having been heard upon bill, motion to dissolve the preliminary injunction heretofore granted, evidence produced, etc., it is ordered, adjudged and decreed that the preliminary injunction granted August 20, 1901, be hereby dissolved, the costs to be paid by the plaintiff.

*Error assigned* among others was the decree of the court.

*P. S. Newmyer* and *Edward Campbell,* for appellant.—While the franchises of a corporation are property and may be taken under the power of eminent domain, yet when property has been already taken for one public use, by a corporation, it cannot be taken by another corporation for another use, except by express grant or by necessary implication : Pennsylvania R. R. Co.'s App., 93 Pa. 150 ; Cake v. Phila., etc., R. R. Co., 87 Pa. 307 ; Housatonic R. R. Co. v. Lee & Hudson R. R. Co., 118 Mass. 391 ; Boston, etc., R. R. Co. v. Lowell, etc., R. R. Co., 124 Mass. 368 ; Prospect Park & Coney Island R. R. Co. v. Williamson, 91 N. Y. 552 ; St. Paul Union Depot Co. v. City of St. Paul, 30 Minn. 359 ; Hickok v. Hine, 23 Ohio, 523 ; Phila., etc., R. R. Co. v. Williams, 54 Pa. 103 ; Dublin & Droogheda Ry. Co. v. Navan, etc., Ry. Co., Irish Reports, 5 Equity, 393 ; Cleveland, etc., R. R. Co. v. Speer, 56 Pa. 325 ; Lake Shore, etc., Ry. Co. v. New York, etc., Ry. Co., 8 Fed. Repr. 858.

*D. W. McDonald,* with him *James R. Cray* and *Thomas H. Hudson,* for appellee.—The decree was proper : Phila., etc., R. R. Co.'s App., 2 Walker, 291 ; Cleveland & Pittsburg R. R. Co. v. Speer, 56 Pa. 325 ; In re Twenty-second Street, 102 Pa.

108; Phila., etc., Pass. Ry. Co.'s App., 102 Pa. 123; Pfeiffer v. Brown, 165 Pa. 267; Penna. R. R. Co.'s App., 3 Walker, 454; Twelfth Street Market Co. v. Phila., etc., Terminal R. R. Co., 142 Pa. 580; In re Towanda Bridge Co., 91 Pa. 216.

PER CURIAM, February 24, 1902:

On the findings of fact and conclusions of law by the court below, the decree was properly made, and is now affirmed. Appeal dismissed with costs.