Argued February 22, modified March 11, 1974

In the Matter of the Dissolution of the Marriage of
ALLEN, *Respondent,* and ALLEN (No. 40466),
*Appellant.*

519 P2d 1267

*William C. Wolke,* Roseburg, argued the cause for appellant. With him on the brief were Luoma, Kelley, Woodruff & Wolke, Roseburg.

No appearance by respondent.

Before Langtry, Presiding Judge, and Fort and Tanzer, Judges.

LANGTRY, P. J.

The father appeals from a decree declaring his marriage to the mother void, contesting only that part of the decree which awards custody to the mother of the now 10-month-old child of the void marriage. The mother has made no appearance in this court. The record and extensive transcript show that the father was 28 years old and the mother 18 when they were married on July 15, 1972 at Reno, Nevada. The mother had previously been married, and although a dissolution proceeding was pending with reference to that marriage no decree was entered therein until October 20, 1972. The new marriage was void under both Nevada and Oregon law. ORS 106.020; NRS 125.290, 125.410. The mother has a three-year-old son by the previous marriage. The evidence showed other instances of immaturity and instability on the part of the mother: She once made an attempt at suicide, she ran up extensive bills and tried to hide them from her husband, she was inattentive to household duties, she failed to clean her house and clean and feed her children properly when the opportunity for personal pleasure presented itself. On the contrary, the father presented a more stable picture: He maintained steady employment and devoted his income to family maintenance, he offers a home he owns with his capable, widowed mother to care for the child, his habits indicate he would give primacy to his child's welfare.

The trial judge at first during the trial flatly stated several times that he thought the child was illegitimate and "that the father of an illegitimate child has no right" to custody. The father's counsel submitted a trial brief, pointing out the provisions of ORS 107.105,

"(1) Whenever a marriage is declared *void* or

dissolved, the court has power further to decree as follows:

"(a) For the future care and custody of the minor children of the marriage * * *. No preference in custody shall be given to the mother over the father for the sole reason that she is the mother. "* * * * *." (Emphasis supplied.)

and also ORS 106.190 which provides that the issue of a void marriage is legitimate.

This apparently changed the court's mind, for as the judge orally decided the case from the bench he said

"* * * that under the statute, the child is a legitimate child and that Petitioner, Valerie Lee Allen, the mother of said child, is a fit and proper person to be awarded the custody of said child, and that it would be to the best interest of said child to have her custody awarded to the mother * * *."

This statement is all there was to indicate how the trial court assessed the relative abilities and inclinations of the mother as compared to the father to care for the child.

■ We try the case de novo, that is, anew on the record. We give "great weight" as we try the case anew to the trial court's decision, but it is a trial anew in the fullest sense. *Van v. Van,* 14 Or App 575, 513 P2d 1205 (1973).

■ Our study of the record leads us to conclude that the father distinctly offers more attributes that will contribute to the best interests of the child than does the mother. In coming to this conclusion we have considered the relevant factors indicated for consideration in *Tingen v. Tingen,* 251 Or 458, 459, 446 P2d 185

(1968). *See also R. v. R.*, 15 Or. App 464, 516 P2d 476 (1973).

The notice of appeal was from the entire decree—as above noted, the attack is only upon that part which awards custody. We modify the decree by awarding custody of the child to the father and deleting the support order.

Modified. Costs are not allowed.