**George AINBENDER, Defendant below, Appellant,**

v.

**Isabel AINBENDER, Plaintiff below, Appellee.**

Superior Court of Delaware, New Castle County.

Sept. 4, 1975.

Garry G. Greenstein, Knecht, Greenstein & Berkowitz, Wilmington, for plaintiff below, appellee.

Paul M. Lukoff, Paul & Lukoff, Wilmington, for defendant below, appellant.

STIFTEL, President Judge.

In conjunction with a divorce action, the Supreme Court of New York for Kings County, by its order dated December 5, 1973, directed George Ainbender to pay, effective September 26, 1973, $60 per week child support to his former wife, Isabel Ainbender, for the benefit of their minor son, David. George Ainbender moved to Delaware, and on July 12, 1974, Isabel Ainbender began proceedings in the Family Court of Delaware in New Castle County to enforce the New York support order under the Delaware Uniform Reciprocal Enforcement of Support Act. On August 12, 1974, Family Court entered an interim order awarding Mrs. Ainbender $60.25 per week for child support. In her petition, Mrs. Ainbender sought prospective child support payments of $125 per week, counsel fees, and reimbursement for expenses

paid by her to support David while Mr. Ainbender was failing to comply with the New York court order.

A hearing was held in Family Court on September 13, 1974, with Judge Arsht presiding. In her opinion of October 8, 1974, Judge Arsht awarded Mrs. Ainbender prospective child support payments of $85.25 per week, and ordered Mr. Ainbender to reimburse Mrs. Ainbender $1,985 for expenses incurred in the support of the child while Mr. Ainbender was in non-compliance with the New York court order. In computing the amount of reimbursable expenses, Judge Arsht used the $60 per week figure ordered by the New York court for child support as a guideline and multiplied it by 44, which represented the number of weeks which had passed between the effective date of the New York court order and the effective date of the interim order of the Family Court of Delaware, resulting in a sum of $2640. Against this amount, Family Court credited $655 which had been paid by Mr. Ainbender pursuant to the New York court order.

Mr. Ainbender directs this appeal against both aspects of Family Court's order—the prospective child support award and the reimbursement for past support obligations.

### I.

*The prospective child support award.*

■ The appellant, Mr. Ainbender, asserts that Family Court acted improperly in ordering prospective child support payments in an amount in excess of that originally ordered by the New York court. As authority, appellant cites 13 Del.C. § 637:

"Any order of support issued by a court of this State when acting as a responding State shall not supersede any previous order of support issued in a divorce or separate maintenance action, but the amounts for a particular period paid pursuant to *either order* shall be credited against amounts, accruing or accrued, for the same period under both." (Italics supplied.)

"Either order", as used above, indicates that both orders are valid. Consequently, a Delaware order would not supersede the earlier New York order. 13 Del.C. § 637 is designed merely to prevent duplication of payment and in no way limits the ability of the court in the responding state to order support payments in an amount in excess of the original order. In *Howard v. Howard*, 191 So.2d 528, 531 (Miss.1966), the Mississippi Supreme Court held:

". . . [T]he original order of support rendered in the court of the initiating state is unaffected by the orders subsequently rendered in another state under the Uniform Act, except to the extent that payments made pursuant to one must be credited against payments accruing or accrued under the other for the same period or periods."

Clark, in his treatise on *Law of Domestic Relations*, says on page 210:

". . . [T]o the extent that the prior decree is not final, in most jurisdictions, that is, with respect to future installments, the Reciprocal Support Act seems to contemplate that a new decree for a different amount may be entered by the responding state's court." '

Most cases have so held, finding in the court of the responding state the power to issue an independent future order fixing a different amount of support from that set by the court of the initiating state. See, *Com. ex rel. Byrne v. Byrne*, 243 A.2d 196 (1968); *Moore v. Moore*, 252 Iowa 404, 212 Pa.Super. 566, 107 N.W.2d 97 (1961); *Davidson v. Davidson*, 66 Wash.2d 780, 405 P.2d 261 (1965).

■ On the basis of the foregoing, I hold that the prospective child support award of $85.25 per week ordered by Family Court does not exceed the statutory authority which governs that Court's actions under 13 Del.C. Chapter 6.

## II.

*Reimbursement for past support obligations.*

■ The appellant, George Ainbender, argues that Family Court misinterpreted 13 Del.C. § 630 [1] in ordering him to reimburse his former wife for her expenses in providing support for their son David. The appellant argues that Family Court has ordered the payment of arrearages in the guise of reimbursement, disregarding the fact that actions to enforce the payment of arrearages are not authorized under the Delaware version of the Uniform Reciprocal Enforcement of Support Act. 13 Del.C. § 622.[2] The term "reimbursement", as used in § 630 of the Delaware Act, is not intended to be synonymous with the word "arrearages", as used in § 9 of the Uniform Act. This is illustrated by 13 Del.C. § 621, which provides:

"Whenever the State or a political subdivision thereof furnishes support to an obligee, it has the *same right* to invoke the provisions hereof as the obligee to whom the support was furnished for the purpose of securing reimbursement of expenditures so made and of obtaining continuing support." (Italics supplied.)

The "same right" extended to the obligee is that of invoking the Act to secure reimbursement of expenditures made by her.

In *State ex rel. Whatley v. Mueller*, 288 S.W.2d 405 (Mo.App.1956), the Court ordered reimbursement to the wife despite the fact that Missouri, like Delaware, does not permit actions to enforce the payment of arrearages under its version of the Uniform Reciprocal Enforcement of Support

Act. See also, *Skinner v. Fasciano*, 137 N.E.2d 613 (Ohio App.1956). Clark, *supra*, likewise endorses this view:

"If the court of the responding state finds a duty of support, it may enter an appropriate order, which may reimburse the wife for support provided by her or order support for the future or both." Clark, *Law of Domestic Relations*, p. 209.

■ In affirming Family Court's interpretation of the term "reimbursement", as used in 13 Del.C. § 630, this Court does not endorse the formula employed by Family Court in determining the sum of money that must be reimbursed by the husband. The Delaware Legislature, in adopting its version of the Uniform Reciprocal Enforcement of Support Act, specifically omitted "arrearages" as an enforceable duty of support. For Family Court to order reimbursement based solely on the total amount of arrearages would permit Family Court to do indirectly what it was not authorized to do directly. The amount of reimbursement awarded Mrs. Ainbender should be based on evidence submitted to Family Court setting forth the expenses incurred by Mrs. Ainbender in supporting David, their son, during the period Mr. Ainbender failed to comply with the New York support order. The amount of reimbursement and the amount of arrearages, of course, may be the same, but this is nowhere demonstrated in this record. For this reason, the case is remanded to Family Court to compute or recompute in accordance with this opinion the amount to be reimbursed to Mrs. Ainbender.

It is so ordered.

1. "If the court of the responding state finds a duty of support, it may order the defendant to furnish support or reimbursement therefor and subject the property of the defendant to such order."

2. This section is adopted from Section 9 of the Uniform Reciprocal Enforcement of Support Act, which provides:

"All duties of support, including arrearages, are enforceable by action irrespective of the relationship between the obligor and the obligee." *Uniform Laws Annotated*, Vol. 9, p. 904.
13 Del.C. § 622 simply omits the words "including arrearages".