617 P.2d 66

**Ann CAMPBELL, Plaintiff–Appellant,**

**v.**

**Michael Earl CAMPBELL, Defendant–Appellee.**

**No. 1 CA–CIV 4423.**

Court of Appeals of Arizona, Division 1, Department B.

Sept. 9, 1980.

Robert K. Corbin, Atty. Gen., by Charleen H. Greer, Asst. Atty. Gen., Phoenix, for plaintiff–appellant.

Norling, Rolle, Oeser & Williams by John T. Gilbert, Phoenix, for appellee.

OPINION

HAIRE, Judge.

The issue raised in this appeal is whether the trial court correctly refused to consider the appellant–mother's request for a child support award pursuant to Arizona's revised Uniform Reciprocal Enforcement of Support Act (URESA),[1] where legal custody of the child had been previously awarded to the father in Arizona dissolution proceedings, and the mother had subsequently retained physical custody of the child in California in violation of that custody award.

In support of the judgment of dismissal entered by the trial court, the appellee–father contends that it would have been improper for the Arizona court to award the appellant–mother the relief she sought since she did not have legal custody of the child and was retaining physical custody in violation of the modified Arizona dissolution decree. Inherent in this contention is the question of appellant's standing under these circumstances to maintain a URESA action for child support.

■ Before proceeding to a consideration of this question of standing, we note that without question the appellee–father still owed a duty of support to his child, notwithstanding the mother's interference with his right to custody. A.R.S. § 12–2451 A provides as follows:

"A. Every man and woman shall have the duty to provide all reasonable support for his or her natural and adopted minor, unemancipated, children, regardless of the presence or residence of the child in this state and in the case of mentally or physically disabled children, if the court, after considering the factors set forth in § 25–320, subsection A, deems it appropri-

ate, the court may order support to continue past the age of majority."

Here, unlike the fact situation presented to the court in *Arvayo v. Guerrero*, 21 Ariz. App. 173, 517 P.2d 526 (1973), the father has not in any way been relieved of this statutory duty of support by a decree entered in the Arizona dissolution proceedings awarding custody to him. The duty of support imposed upon him by A.R.S. § 12–2451 A is left intact by that decree. His mere failure to have custody to which he is legally entitled does not necessarily relieve him from the obligation to support his child. *See Commonwealth v. Mexal*, 201 Pa. 457, 193 A.2d 680 (1963). Thus, our concern here is only with the narrow issue of the availability to the appellant–mother of the remedy afforded by URESA, bearing in mind that although she did have physical custody at the time of the initiation of these proceedings, she did not have legal custody of the child.[2] We turn now to a consideration of this issue.

■ In any discussion of URESA it must be borne in mind that it provides remedies for the enforcement of spousal support as well as child support obligations, both before and after dissolution proceedings. Insofar as concerns the duty of support owed to a minor obligee, that obligation may be enforced by a state or political subdivision that has furnished or is furnishing support to that obligee, A.R.S. § 12–1657.[3] Also, the obligation may be enforced on behalf of the minor obligee "by a person having legal custody of the minor." *See* A.R.S. § 12–1662.[4] It is apparent that prior to the entry of a dissolution decree specifically awarding custody to a particular parent, both parents are considered as having

1. *See* A.R.S. § 12–1651 et seq.

2. The URESA proceedings were initiated in California by the mother. The superior court in Arizona is the responding court.

3. A.R.S. § 12–1657 provides:

"If a state or a political subdivision furnishes support to an individual obligee, it has the same right to initiate a proceeding under this article as the individual obligee for the purpose of securing reimbursement for support

furnished and of obtaining continuing support."
*See generally, County of Clearwater, Minnesota v. Petrash*, Colo., 598 P.2d 138 (1979).

4. A.R.S. § 12–1662 provides:

"A complaint on behalf of a minor obligee may be executed and filed by a person having legal custody of the minor without appointment as guardian ad litem."

legal custody and thus either would have standing under A.R.S. § 12–1662 for the purpose of invoking URESA support remedies on behalf of a minor child of the parties. Here, however, the marriage of the parties has been dissolved and custody of the child has been expressly awarded to appellee. Appellant does not dispute the existence of this decree and has not attacked its validity. Under these circumstances we hold that pursuant to the clear language of A.R.S. § 12–1662, appellant does not have standing to invoke URESA remedies on behalf of their minor child.

The conclusion we reach is in accord with the only decision we have found interpreting the pertinent URESA section (§ 13 of the 1968 revised URESA) and involving similar circumstances. *See Hethcox v. Hethcox*, 146 Ga.App. 430, 246 S.E.2d 444 (1978).[5] Appellant's reliance on *McCoy v. McCoy*, 53 Ohio App.2d 331, 374 N.E.2d 164 (1977) is misplaced, since that case involved the State of California as a petitioner, and the judgment entered represented reimbursement for financial assistance furnished in support of the minor obligee by the County of Los Angeles. Thus, the question of standing would be governed by URESA § 8 (A.R.S. § 12–1657), and not by § 13 (A.R.S. § 12–1662). At first glance it might appear that *Cobbe v. Cobbe*, 163 A.2d 333 (D.C.Mun.App.1960) represents a contrary result. A closer reading of that decision, however, reveals that § 13 of URESA had not been enacted in that jurisdiction, and the applicable statute did not limit the

right to bring the action to one having legal custody. Rather, the URESA action could be filed by "any person or agency as next friend of the minor."[6]

■ We note that under A.R.S. § 12–2451 D the duties of support imposed under Arizona's Family Responsibility Act "may be enforced by all civil and criminal remedies provided by law." While undoubtedly the remedies provided in URESA would be included within this broad language, in our opinion availability of the URESA remedy would be subject to the procedural safeguards set forth in URESA. Proceedings under URESA are purely statutory and the jurisdiction of the court is circumscribed by the provisions of that act. The URESA remedy is made available to enforce support duties, but one utilizing that remedy must accept the procedural limitations specifically made a part thereof. *See generally Weller v. Weller*, 14 Ariz.App. 42, 480 P.2d 379 (1971). While § 12–2451 D makes the duties of support prescribed in the Family Responsibility Chapter enforceable "by all civil and criminal remedies provided by law", the provisions of § 12–2452 B allowing enforcement "by any person ... having physical custody" of the child is specifically limited to the superior court action authorized in § 12–2452, and thus does not operate to nullify the provisions of A.R.S. § 12–1662 which specifically govern standing in URESA proceedings.

Appellant urges that the provisions of A.R.S. § 12–1672[7] clearly convey a legisla-

5. In *Hethcox v. Hethcox, supra*, the Georgia version of the pertinent URESA section provided for the filing of the action by a "person having custody", omitting the word "legal" as found in the standard URESA provision. Nevertheless, the court held that where custody had been awarded to the father, the mother was not a proper petitioner to invoke URESA remedies.

6. *Clark v. Clark*, 54 Cal.Rptr. 875, 246 Cal. App.2d 619 (1966), citing *Cobbe v. Cobbe, supra*, allowed a mother to invoke URESA child support remedies against the father having legal custody. However, the opinion does not discuss, or apparently consider, the applicability of URESA § 13.

7. § 12–1672 reads as follows:

"In any hearing for the civil enforcement of this article, the court is governed by the rules of evidence applicable in a civil court action in the superior court. If the action is based on a support order issued by another court, a certified copy of the order shall be received as evidence of the duty of support, subject only to any defenses available to an obligor with respect to paternity under § 12–1676 or to a defendant in an action or a proceeding to enforce a foreign money judgment. *The determination or enforcement of a duty of support owed to one obligee is unaffected by any interference by another obligee with rights of custody or visitation granted by a court.*" (Emphasis added).

tive intent to determine and enforce duties of support for children in URESA proceedings without regard to interference, actual or alleged, with custody or visitation rights. While this may be true insofar as concerns action brought by a state or a political subdivision under A.R.S. § 12–1657 or by a parent having legal custody who has allegedly interfered with the visitation rights given to the parent from whom support is sought, we do not believe that the emphasized language in § 12–1672 was intended to nullify the requirements of § 12–1662.[8] This language does not compel an interpretation that the interference with custody by a noncustodial parent can actually *create* a duty of support payable to the interfering parent. Under our holding the appellee–father's duty to support his child is unaffected by appellant's interference with his right of custody. However, appellant *as an obligee* without legal custody is not permitted to create an obligation on appellee's part *to pay child support to her* while she interferes with his right of custody. *Cf.*, concurring opinion, *State of New Jersey v. Morales*, 35 Ohio App.2d 56, 299 N.E.2d 920 (1973).

The appellant–mother is simply not the proper party to attempt to enforce the appellee–father's obligation to support his child under the circumstances of this case. Appellee's duty to pay child support *to appellant* must be determined by the laws of this state. *See* A.R.S. § 12–1656. Until such time as she obtains a modification of the Arizona decree or invokes other appropriate remedies so as to obtain legal custody of the child, A.R.S. § 12–1662 disqualifies her from invoking URESA remedies.[9]

The judgment is affirmed. ·

EUBANK, P. J., and O'CONNOR, J., concur.

---

8. *County of Clearwater, Minnesota v. Petrash, supra*, in dicta indicates that it makes no difference in circumstances similar to those present here whether the action is brought by the political subdivision or the mother. There is no indication in the opinion, however, that the court was aware of or considered § 13 of URESA (A.R.S. § 12 1662).

9. Appellant is not without a remedy. She can seek modification in the Arizona courts of the dissolution decree. Also, we note that both Arizona and California have enacted the Uniform Child Custody Jurisdiction Act (Arizona, A.R.S. § 8–401, et seq.; California, West's Ann. Civil Code § 5150 et seq.).