666 P.2d 76

**Donna TRAPHAGAN, Petitioner,**

v.

**MARICOPA COUNTY SUPERIOR COURT, the Honorable Cheryl Hendrix; State of Arizona (by and through the Maricopa County Attorney's Office) Real Party in Interest, Respondents.**

No. 16575–SA.

Supreme Court of Arizona, In Banc.

June 14, 1983.

Edwin P. Young, II, P.C., Tempe, for petitioner.

Thomas E. Collins, Maricopa County Atty. by C.O. Lamp, Deputy County Atty., Phoenix, for respondents.

CAMERON, Justice.

The defendant-mother, Donna Traphagan, moved to dismiss a paternity action filed by the county attorney. The motion was denied, and the mother brought a petition for special action which we granted. We have jurisdiction pursuant to Rules of Procedure for Special Actions, 17A A.R.S., and Ariz. Const. art. 6, § 5(1).

We have considered two issues raised by the facts in this case in a companion matter determined this day. See *Sheldrick v. Superior Court,* 136 Ariz. 329, 666 P.2d 74 (1983). We therefore consider only the additional issue raised by the state in this case, and that is whether the county may maintain this action pursuant to A.R.S. § 12–843.

The facts necessary for a determination of this matter are as follows. Donna Traphagan, a single woman, gave birth on 20 May 1982 to a daughter. All expenses for prenatal care and for the childbirth were paid for by the mother, who is employed and supports the child without outside assistance. The birth certificate did not identify the natural father. Mr. Mahmud Moghadam, an Iranian citizen in this country under religious asylum, claims that he is the father of the child. The mother denies that he is the father of the child, claiming that the child has no racial resemblance to the father, and alleging further that the only reason Moghadam claims to be father is to seek United States citizenship. Mr. Moghadam has not paid nor tendered any costs of childbirth or child support to this date. The mother also claims that she has expended over $3,000 in attorney's fees and costs since June of 1982.

On 2 June 1982, the Maricopa County Attorney filed a complaint on behalf of the state naming Donna Traphagan as the defendant. The complaint asked the court to adjudge Moghadam to be the father of the child, and order him to pay childbirth and child support expenses. Moghadam, however, is not named as a defendant and is not otherwise a party in the action. The mother moved to dismiss the complaint, which motion was denied, and subsequently brought this petition for special action.

We have discussed this day in *Sheldrick v. Superior Court,* supra, the issue of whether A.R.S. § 12–846 or § 12–2456 allows the county attorney to bring an action of this type, and we have decided adversely to the government's position.

In the instant case, the county attorney also raises the authority of an additional statute which states:

Proceedings to establish the maternity or paternity of a child or children and to compel support under this article may be commenced by any of the following:

1. The mother.

2. The father.

3. The guardian or best friend of a child or children born out of wedlock.

4. A public welfare official or agency of the county where the child or children reside or may be found. A.R.S. § 12–843.

This statute provides that the mother, the father, the guardian or best friend, a public welfare official or the appropriate county welfare agency may bring a maternity or paternity action. *Bill By And Through Bill v. Gossett,* 132 Ariz. 518, 522, 647 P.2d 649, 653 (App.1982). No person or entity named in this statute has brought the action in this case, and the county attorney was without authority to proceed in this manner. Neither do we believe the statute would allow a collusive suit by the county attorney against the putative father for and on behalf of the putative father.

The mother's petition for special action is granted. The trial court abused its discretion in failing to dismiss this complaint. The matter is remanded to the trial court for dismissal of the county attorney's complaint and assessment of costs and expenses under A.R.S. § 12–849(D).

HOLOHAN, C.J., GORDON, V.C.J., and HAYS and FELDMAN, JJ., concur.