666 P.2d 74

Cheryl SHELDRICK, Petitioner,

v.

MARICOPA COUNTY SUPERIOR COURT and the Honorable Cheryl Hendrix, Respondents,

STATE of Arizona (by and through the Maricopa County Attorney's Office), Real Party in Interest.

No. 16461–SA.

Supreme Court of Arizona, In Banc.

June 14, 1983.

Feder Law Office, P.A. by Bruce Feder, Phoenix, for petitioner.

Thomas E. Collins, Maricopa County Atty. by C.O. Lamp, Deputy County Atty., Phoenix, for respondents.

CAMERON, Justice.

The defendant-mother, Cheryl Sheldrick, moved to dismiss a paternity action in the Maricopa County Superior Court. From a denial of the motion, she brought a petition for special action which we granted because there is no plain, speedy or adequate remedy at law. We have jurisdiction pursuant to the Rules of Procedure for Special Actions, 17A A.R.S., and Ariz. Const. art. 6 § 5(1).

We must consider two issues on review:

1. May a father affirmatively assert his parentage pursuant to A.R.S. § 12-846?

2. May the county attorney bring a paternity action on behalf of the putative father pursuant to A.R.S. § 12-2456?

The facts necessary for the determination of these issues are as follows. Prior to the birth of the child in question, the mother and Michael Stenger lived together. The relationship deteriorated and Michael Stenger moved out. The child was born on 23 January 1982, and the birth certificate did not contain the name of the natural father. Michael Stenger did not pay the expenses of the childbirth or child support, even though he was trying to reinstate his old relationship with the mother, and to initiate a relationship with "his son." The mother has never requested child support nor medical expenses from Michael, contending she is capable of raising the child herself. Apparently at the urging of Michael, the Maricopa County Attorney filed a complaint in Maricopa County Superior Court seeking "[t]hat a Judgment be entered finding Michael Stenger to be the father of the child Aaron Michael Sheldrick, born to Cheryl

Sheldrick." Stenger was not a party to the action, and was not otherwise identified in the complaint's caption. Nevertheless, the county attorney prayed that Mr. Stenger be ordered to pay monthly child support to the mother. Michael Stenger signed the verification statement appended to the complaint, acknowledging the allegation of parentage. Counsel for the mother moved to dismiss the complaint pursuant to Rule 12(b), Rules of Civil Procedure, 16 A.R.S. The core of the mother's motion is that state-financed legal agencies are not legislatively authorized to "represent" persons seeking to establish their parentage under A.R.S. § 12-846. The motion to dismiss was denied, and the mother brought this petition for special action.

## PROPRIETY OF STATUTORY PATERNITY ACTION AGAINST THE MOTHER

A.R.S. § 12-846 reads as follows:

A. Paternity proceedings are commenced by the filing of a verified complaint by the county attorney in the name of the state alleging that a woman is delivered of a child or children born out of lawful wedlock * * * and alleging that the defendant is the father of the child or children.

B. The proceeding may also be commenced by the filing of a verified complaint by the mother, with the mother as plaintiff, or by the guardian or best friend of a child or children born out of wedlock. In any action in which the state is not the plaintiff, the state may intervene and be named as coplaintiff.

C. Maternity proceedings are commenced by filing of a verified complaint by the county attorney in the name of the state alleging that a woman is delivered of a child or children born out of lawful wedlock and alleging that such woman as defendant is the mother of the child or children.

D. The proceeding may also be commenced by the filing of a verified complaint by the father, with the father as plaintiff or by the guardian or best friend

of a child or children born out of wedlock. In any action in which the state is not the plaintiff, the state may intervene and be named as coplaintiff.

 A plain reading of this statute indicates that the state, a mother, guardian, or best friend may bring a paternity action against the father (subsections A and B), and that the state, a father, guardian, or best friend may bring a maternity action against the mother (subsections C and D). The statute does not provide for the bringing of a paternity action against the mother, nor a maternity action against the father. We find nothing in the statute which would allow the county attorney to bring a paternity action against the mother.

## PROPRIETY OF COUNTY ATTORNEY'S PARTICIPATION

As noted above, the instant paternity action was brought by the State of Arizona as the plaintiff and with the mother as the defendant. The state contends that it has the power to bring this action pursuant to A.R.S. § 12-2456 which states:

§ 12-2456 Representation by the county attorney; enforcement of order by county attorney

A. The county attorney may represent any party seeking to establish or enforce a duty of child support, regardless of the welfare or nonwelfare status of the person to whom the support payment is made. The county attorney may enforce such a support order by all means available, including all civil and criminal remedies provided by law.

B. The county attorney shall not represent any party under this section on any ancillary matters raised in such proceedings including a petition for modification of child support.

 In the instant case, it appears that the putative father is seeking to establish a duty of child support against himself. But the putative father here is not a named party. Nor do we believe that the statute would allow a collusive suit brought by the county attorney against the putative father for and on behalf of the putative father.

The county attorney is representing the state, which seeks "to establish or enforce a duty of child support," but the party against whom the duty of child support is to be enforced is the putative father, and the father is not a defendant in the action. Only the mother is set forth as the defendant. The child support action cannot go forward because the state has failed to join an indispensable party—the putative father from whom, once parentage is established, support is owing. *See* Rule 19(a), Arizona Rules of Civil Procedure, 16 A.R.S. Finally, Rule 10(a), Arizona Rules of Civil Procedure, supra, states: "In the complaint the title of the action shall include the names of all the parties * * *." The trial court abused its discretion in failing to dismiss the complaint on procedural grounds.

The mother's petition for special action is granted. The matter is remanded to the trial court for dismissal of the county attorney's complaint and assessment of costs and expenses under A.R.S. § 12-849(D).

HOLOHAN, C.J., GORDON, V.C.J., and HAYS and FELDMAN, JJ., concur.