OPINION
CORCORAN, Judge.
This appeal arises out of a disputed paternity proceeding. Plaintiff-appellee (Allen) initiated the action to have himself *143 declared the natural father of defendant-appellant’s (Sullivan) daughter. At trial, Sullivan insisted that she had no sexual relations with Allen during the period conception was possible and that another man was the biological father of her daughter. The trial judge found Allen to be the natural father and denied Sullivan’s motion for a new trial and motion to vacate the judgment. On appeal, Sullivan contends that denial of these motions was error because the finding of paternity was not justified by the evidence and/or was the result of passion and prejudice of the judge.
Although we are inclined to agree with Sullivan’s contention that the evidence presented at trial was insufficient to support the judgment, we find another issue to be determinative of this action. In light of the recent Arizona Supreme Court decisions in Traphagan v. Maricopa County Superior Court, 136 Ariz. 331, 666 P.2d 76 (1983) and Sheldrick v. Maricopa County Superior Court, 136 Ariz. 329, 666 P.2d 74 (1983), we raise sua sponte the issue of an alleged father’s standing to prosecute a paternity action against the mother of a minor child under A.R.S. § 12-846. In Sheldrick, the supreme court analyzed the propriety of a paternity action against the mother. The court strictly construed our paternity statute and stated:
A plain reading of this statute indicates that the state, a mother, guardian, or best friend may bring a paternity action against the father ... and that the state, a father, guardian, or best friend may bring a maternity action against the mother____ The statute does not provide for the bringing of a paternity action against the mother, nor a maternity action against the father.
Id. 136 Ariz. at 331, 666 P.2d at 76 (emphasis added). Additionally, in Traphagan, the court refused to allow the county attorney to prosecute a paternity action against the mother under the statutory authority in either A.R.S. § 12-846 or A.R.S. § 12-843. Therefore, we conclude that Sheldrick and Traphagan mandate that the alleged father must be a defendant in a paternity action. Thus we are constrained to hold that Allen has no statutory means of establishing his own paternity, and the trial court should have dismissed his complaint.
Accordingly, we reverse the judgment and remand this matter with instructions that the trial court dismiss the complaint.
BROOKS, J., concurs.