707 P.2d 315

**Vicky THORNSBERRY, Petitioner,**

v.

**The SUPERIOR COURT of the State of Arizona In and For the COUNTY OF MOHAVE, Leonard C. Langford, a Judge thereof, and Kim Hunter, real party in interest, Respondents.**

No. 18012–SA.

Supreme Court of Arizona, En Banc.

Sept. 30, 1985.

Robert M. Bula, Kingman, for petitioner.

Paul Lenkowsky, Bullhead City, for respondents.

HOLOHAN, Chief Justice.

Petitioner, Vicky Thornsberry, filed this petition for special action, and application for provisional relief, seeking to vacate a trial court determination that would have permitted the putative father of a minor child to establish his paternity affirmatively under A.R.S. §§ 12–843 through –849. A stay was issued by this court halting the paternity proceedings pending this court's determination of special action jurisdiction. We subsequently accepted jurisdiction, vacated the trial court's order, and dismissed the putative father's petition without prejudice to the filing of an amended petition asserting a claim for relief under the Uniform Declaratory Judgments Act, A.R.S. §§ 12–1831 through –1846, with opinion to follow. The following is that opinion which confirms our previous ruling.

## FACTS

Petitioner is the natural mother of a minor child, Kimberly, who was born on June 30, 1982. Kim Hunter, real party in interest, alleges that he is the natural father of Kimberly, and sought visitation rights to the child in the Mohave County Superior Court.[1] Hunter claimed such right pursuant to A.R.S. §§ 25–331, –337. Petitioner opposed Hunter's request for visitation on the grounds that a proceeding seeking to establish visitation rights can only be commenced by "a parent," and Hunter was foreclosed from affirmatively establishing his own paternity under the statutory paternity provisions as construed by this court. The trial court denied petitioner's motion to dismiss, after which the court granted a motion by Hunter to submit Kimberly to a physical examination. Although the trial court did not enumerate the authority under which it was permitting paternity to be resolved, we can assume it was pursuant to the statutory paternity provisions, A.R.S. §§ 12–843 through –849. Immediately thereafter petitioner sought relief through special action. We accepted jurisdiction as there was no adequate or speedy remedy at law, and the issue presented was of statewide importance.

## JURISDICTION

In Arizona, prior to recent legislative amendments "[v]isitation rights, whether viewed as a limited form of custody or as a limitation upon the custody rights of another, may be granted only in a jurisdictionally sound custody proceeding." *Bryan v. Bryan*, 132 Ariz. 353, 355, 645

---

1. Petitioner has claimed, at all times during litigation, that she is "uncertain" who is the natural father of Kimberly.

P.2d 1267, 1269 (App.1982). A.R.S. § 25–331 governs the child custody jurisdiction of the superior court. A.R.S. § 25–331 provides in pertinent part:

B. A child custody proceeding is commenced in the superior court:

1. By *a parent*, by filing a petition:

(a) For dissolution or legal separation; or

(b) For custody of the child in the county in which the child is permanently resident or found ...

*Id.* (emphasis added). Following a properly instituted proceeding, the superior court is empowered to award visitation rights pursuant to the "best interest of the child" standard, A.R.S. § 25–332(A). As clearly delineated by the language of A.R.S. § 25–331(B)(1) *a parent* must institute the custody proceeding. Petitioner argues, and we agree, that a bare allegation of paternity in the pleadings is insufficient for purposes of statutory jurisdiction where paternity is contested.

A.R.S. § 12–846 controls who may properly file a complaint in a paternity proceeding. A.R.S. § 12–846 provides in pertinent part:

A. Paternity proceedings are commenced by the filing of a verified complaint *by the county attorney* in the name of the state alleging that a woman is delivered of a child or children born out of lawful wedlock or pregnant with a child conceived out of wedlock and alleging that the defendant is the father of the child or children.

B. The proceeding may also be commenced by the filing of a verified complaint *by the mother,* with the mother as plaintiff, or by the *guardian or best friend of a child* or children born out of wedlock. In any action in which the state is not the plaintiff, the state may intervene and be named as coplaintiff.

*Id.* (emphasis added). This court has previously considered whether a putative father can affirmatively litigate his parentage under this provision, and has categorically answered in the negative, referring to the absence of such authorization in the clear language of the statute. *Sheldrick v. Superior Court,* 136 Ariz. 329, 666 P.2d 74 (1983); *Traphagan v. Superior Court,* 136 Ariz. 331, 666 P.2d 76 (1983). Petitioner argues that A.R.S. § 12–846, as construed by this court, compels a determination that Hunter, in this case, was foreclosed in the trial court from affirmatively raising the question of paternity, thus he was an ineligible party under the jurisdictional provisions of the custody statute. As respondent notes, if petitioner's reading of the interaction of these two provisions is accepted, a putative father could never gain visitation rights where paternity is disputed by the natural mother. We reject petitioner's argument that respondent is wholly without remedy.

A.R.S. § 12–1831 permits "[c]ourts of record within their respective jurisdictions ... to declare rights, status, and other legal relations whether or not further relief is or could be claimed ...." In authorizing Hunter to proceed under the Uniform Declaratory Judgments Act, we note, first, that resolution of paternity was for the purpose of establishing jurisdiction to litigate his visitation rights. Were Hunter not afforded at least a forum to adjudicate his alleged visitation rights, such action might be constitutionally infirm. *See Stanley v. Illinois,* 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972), (State's denial of hearing to unwed father to determine fitness for custody of natural children violative of the constitution). Nor has this court ever held that the statutory paternity provisions to be the exclusive determinant of party status where paternity is ancillary to the question before the trial court. *See Estate of Cook,* 63 Ariz. 78, 159 P.2d 797 (1945).

The Wisconsin Supreme Court has allowed a putative father to establish paternity by declaratory judgment where the State's paternity statute limited the parties who could institute an action. *Slawek v. Stroh,* 62 Wis.2d 295, 215 N.W.2d 9 (1974). Other jurisdictions have also taken measures to insure a putative father a forum to adjudicate visitation rights. *See generally,*

"Right of Putative Father to Visit Illegitimate Child," 15 A.L.R.3d 887.

The legislature has recently amended the paternity provisions to permit an affirmative adjudication of paternity by a putative father, effective August 7, 1985. Laws 1985, Ch. 140 §§ 1, 2, 4 (1st Sess.). A.R.S. § 12–846 now provides in pertinent part:

A. Paternity proceedings are commenced by the filing of a verified complaint by the county attorney in the name of the state alleging that a woman is delivered of a child or children born out of lawful wedlock or pregnant with a child conceived out of wedlock and alleging that the defendant is the father of the child or children.

B. The paternity proceeding may also be commenced by the filing of a verified complaint by the mother *or father*, with the mother *or father* as plaintiff, or by the guardian or best friend of a child or children born out of wedlock. In any action in which the state is not the plaintiff, the state may intervene and be named as coplaintiff.

*Id.* (emphasis added). In addition, visitation rights may now be adjudicated in the same proceeding as a paternity action. A.R.S. § 12–843(B) provides:

B. Any party to a proceeding under this article may request that specific visitation be determined as part of the proceeding. The court may award visitation as provided in Section 25–337 after a hearing. The county attorney shall not represent a party in any proceeding concerning visitation.

*Id.* The jurisdictional provisions of the child custody statute, A.R.S. § 25–331, have also been amended to deny jurisdiction where there has not been a prior adjudication of maternity or paternity.[2]

While the aforementioned legislative amendments do not apply in the instant action, we note that this court's order permitting Hunter to adjudicate paternity through declaratory judgment is commensurate with the legislative intent of the amendments. Relief granted.

GORDON, V.C.J., and HAYS, CAMERON, and FELDMAN, JJ., concur.

2. A.R.S. § 25–331 now provides:
   A. Jurisdiction for child custody proceedings shall be governed by title 8, chapter 4, article 1.
   B. A child custody proceeding is commenced in the superior court:
   1. By a parent, by filing a petition for either of the following:
   (a) Dissolution or legal separation.
   (b) Custody of the child in the county in which the child is permanently resident or found.
   2. By a person other than a parent, by filing a petition for custody of the child in the county in which he is permanently resident or found, but only if he is not in the physical custody of one of his parents.
   C. *The provisions of subsection B, paragraph 1, subdivision (b) of this section do not apply if a child is born out of wedlock and there has not been a prior adjudication of maternity or paternity.*
   *Id.* (emphasis added).