785 P.2d 1248

**In the Matter of the APPEAL IN MARICOPA COUNTY JUVENILE ACTION NO. JD–4974.**

**1 CA–JV 89–014.**

Court of Appeals of Arizona, Division 1, Department B.

Jan. 25, 1990.

Robert K. Corbin, Atty. Gen. by Harriett E. Chavez, and Christine Greenfield, Asst. Attys. Gen., Phoenix, for appellee ADES.

Stephen J. Green, Phoenix, for appellee Father.

Charles E. Buri, Friedl & Richter, Phoenix, for appellant Mother.

Sheilah A. Lavelle, Phoenix, for minor child.

VOSS, Judge.

The issues in this appeal are whether the parents of a child born out of wedlock share custody of the child absent a court order, and whether A.R.S. § 13–1302(B), the criminal custodial interference statute, was violated. We hold that the parents do share custody of the child and that A.R.S. § 13–1302(B) was not violated.

Appellant is the mother of a seven year old child born out of wedlock. Appellees are the father of the child and the Arizona Department of Economic Security (ADES). Father and mother established paternity

pursuant to A.R.S. § 36–322(F) * after the child was born, and therefore it is not in issue. There has never been a court determination of custody. The child resided exclusively with her mother from birth until ADES took the child into temporary custody and filed a dependency petition. Pending the dependency hearing, the juvenile court placed the child in the physical custody of her father. After the dependency hearing, the juvenile court dismissed the dependency petition and found that the child was in the lawful custody of her father, and that A.R.S. § 13–1302(B) did not apply.

The mother argues that the juvenile court's finding that the child was in the lawful custody of her father changed custody from the mother to the father without the necessary finding of dependency in violation of both A.R.S. § 8–241(A)(1) and A.R.S. § 13–1302(B). The father argues that the juvenile court did not change custody but simply stated that the child is in the lawful custody of her father. The father states that the natural parents of a child are entitled to custody absent a court order or its equivalent to the contrary.

■■ A.R.S. § 8–601 provides that every child is the legitimate child of its natural parents. The natural parents of a child are entitled to custody absent some order to the contrary. *State v. Grooms*, 145 Ariz. 439, 702 P.2d 260 (App.1985). A father has a right to co-equal custody of his child but not exclusive custody absent a court order to that effect. *State v. Donahue*, 140 Ariz. 55, 680 P.2d 191 (App.1984). In domestic relations cases the parents, post-dissolution and absent an order awarding custody, have co-equal custody. *Campbell v. Campbell*, 126 Ariz. 558, 617 P.2d 66 (App.1980). Further, A.R.S. § 25–332(E) prohibits discrimination based on parental gender when determining custody.

■■ We conclude that the juvenile court finding is not a custody order. The juvenile court simply articulates that the child is in the "lawful custody of her father." There is no restriction of access by the mother; the court leaves the mother legally unaffected. In this limited area, we discern no reason to distinguish between parents who are married and those who are not. If parents of children born in wedlock have co-equal custody post-dissolution and absent a court order to the contrary, parents of children born out of wedlock, whose parentage has been established, should have the same rights. The issue is parentage, not whether the child was born in or out of wedlock. Clearly, if parentage is disputed, there is no co-equal status. *See Thornsberry v. Superior Court, Mohave County*, 146 Ariz. 517, 519, 707 P.2d 315, 317 (1985) (where the court stated that unless there has been a prior adjudication of maternity or paternity, a court cannot determine custody or visitation rights); A.R.S. § 12–843(B); A.R.S. § 25–331(C). Since it is impermissible to determine custody based exclusively on parental gender, it is certainly impermissible to determine residence of a child, when there is no custody order, based exclusively on parental gender.

■ The mother next argues that A.R.S. § 13–1302(B) requires the juvenile court to return the child to her. ADES argues that A.R.S. § 13–1302(B) does not apply in the present case because the statute refers to persons who have no legal right to keep a child from another person to whom custody has been entrusted by law. ADES maintains that since custody has not been entrusted by law to either party, the statute does not apply. A.R.S. § 13–1302 provides in pertinent part:

A. A person commits custodial interference if, knowing or having reason to know that he has no legal right to do so, such person knowingly takes, entices or

---

* A.R.S. § 36–322(F) provides: "If the mother of a child is unmarried at the time of the birth of the child and was unmarried throughout the ten months immediately preceding such birth, the name of the alleged father, if any, shall not be entered on the birth certificate unless sworn statements acknowledging such paternity are voluntarily presented by both the alleged father and the mother, or unless paternity has been established by a court of competent jurisdiction."

keeps from lawful custody any child less than eighteen years of age or incompetent, entrusted by authority of law to the custody of another person or institution. B. If a child is born out of wedlock, the mother is the legal custodian of the child *for the purposes of this section* until paternity is established and custody is determined by a court.

(Emphasis added.) This statute does not require that the juvenile court issue a custody decree in order to avoid a charge of custodial interference because "for the purposes of this section" refers to criminal prosecution. *See State v. Wilhite,* 160 Ariz. 228, 772 P.2d 582 (App.1989). Since the present case does not involve criminal prosecution, A.R.S. § 13–1302(B) does not apply.

The mother next argues that the finding of the juvenile court that she caused bruising to the child was erroneous and should be stricken. As the juvenile court dismissed the dependency petition, we fail to perceive any prejudice and, accordingly, do not address this issue.

■■■■ The father and ADES present two arguments for our consideration. They argue that the juvenile court should be permitted to order custody even when there has been no finding of dependency. They also argue that the juvenile court incorrectly dismissed the dependency petition and that dependency should be reinstated because the father, at the dependency hearing, testified that absent the intervention of the court he was legally incapable of protecting the child, presumably because of the mother's right to custody. We do not address these issues as they are cross-issues raised without a timely cross-appeal. *Bowman v. Board of Regents,* 162 Ariz. 551, 785 P.2d 71 (App.1989).

In *Bowman* we held that in the absence of a cross-appeal, an appellee may raise a cross-issue in its answering brief only when the cross-issue: 1) is an argument in support of the judgment, 2) was presented and considered by the trial court in rendering judgment, and 3) does not result in an enlargement of appellee's rights or a lessening of appellant's rights on appeal. *Id.* at 559, 785 P.2d at 79. Neither cross-issue satisfies all the *Bowman* criteria.

If we were to reinstate the dependency, we would lessen the mother's rights on appeal as the child would then be a ward of the court and the mother would lack custody or control of her child. Furthermore, reinstating the dependency is directly in opposition to the judgment of the juvenile court as it dismissed the dependency petition.

The argument that the juvenile court be permitted to determine custody even though there has been no finding of dependency is also a cross-issue without the necessary cross-appeal. If we address this cross-issue, we would again lessen the mother's rights on appeal. If the court's recitation that "the child is in the lawful custody of her father" is to be considered a custody decree, then custody will have been determined without the requisite best interest finding required by A.R.S. § 25–332. Additionally, the juvenile court did not consider permanent custody when dismissing the dependency petition. Since the cross-issues do not meet the *Bowman* criteria and there is no timely cross-appeal, we lack subject matter jurisdiction to address them.

■■■■ We independently note, however, that it is not necessary to extend the juvenile court's jurisdiction to allow it to rule on custody issues even though there has been no finding of dependency or a termination of parental rights. The parties can request that the juvenile court consolidate the functions of the domestic relations court with those of the juvenile court. The court, in the consolidated action, first determines whether the child is dependent. If so, the court makes the proper order pursuant to A.R.S. § 8–241(A)(1). If not, the court utilizes the same evidence to make a

custody order pursuant to A.R.S. § 25–332. As it is too late to take such action in this case, either party may wish to consider filing a petition in the domestic relations division of the superior court to establish temporary and permanent custody.

Based on the foregoing, we affirm the juvenile court's findings.

JACOBSON and GERBER, JJ., concur.