MARY A. SHORT *v.* WILLIAM PHILIP SHORT.

*(February* 6, 1940.)

LAYTON, C. J., sitting.

*Ernest V. Keith* and *Frederick P. Whitney* for plaintiff.

*Daniel J. Layton, Jr.,* and *Isaac D. Short, 2nd,* for defendant.

Superior Court for Sussex County, February Term, 1940.

LAYTON, C. J.: ■ The demurrer is based upon an alleged misjoinder of causes of action. It is urged, and it appears to be the general rule that, in an action for divorce, a cause of action with respect to property interests not arising out of the marital relation cannot be joined with the cause of action for divorce. 17 *Am. Jur.* 308; 19 *C. J.* 107; 7 *Am. & Eng. Ency. Pl. & Pr.* 83; *Reed v. Reed,* 70 *Neb.* 775, 98 *N. W.* 76; *Peck v. Peck,* 66 *Mich.* 586, 33 *N. W.* 893.

■ In addition to the alleged cause of action for divorce, and the prayers for relief in connection therewith, there are averments from which an equity is supposed to have arisen demanding the application of the equitable doctrine of marshaling of assets as a part of the relief to which the plaintiff is entitled in the action.

Conceding, *arguendo,* that this Court, under the provisions of the divorce statute, is vested with the jurisdiction to hear and determine the cause and to grant the relief prayed for, it is entirely clear that the execution of the judgment note by the plaintiff, and the potential involvement of her real property as a consequence thereof, does not constitute a property interest arising out of the marriage relation. Relief, in a proper case, can be had in an independent proceeding.

The demurred is sustained.