[Civil No. 4252. Filed October 7, 1940.]

[106 Pac. (2d) 194.]

E. H. SHUMWAY and LOLA M. SHUMWAY, Husband and Wife, and L. D. SHUMWAY, PEARLE SHUMWAY, Husband and Wife, Appellants, v. HAROLD L. EARLEY and LILLIAN L. EARLEY, Husband and Wife, Appellees.

Mr. A. S. Gibbons, for Appellants.

Mr. C. W. Stokes, of Albuquerque, New Mexico, for Appellees.

ROSS, C. J.—Plaintiffs Earley brought this action against defendants Shumway and others to quiet their title to Lots 8, 9 and 10, in Block 16 of the Townsite of Casa Grande, except the northeasterly ninety feet of said lots and other lots which we omit describing as they are not involved in the appeal. Said lots are situated in Pinal county, Arizona. The complaint was in the usual form, that is, that plaintiffs were the owners in fee simple and in possession and that the defendants claimed an estate or interest in the premises adverse to plaintiffs. The defendants by their pleadings denied plaintiffs were the owners of the property and asserted defendants were. Each seeks to have his title quieted against the other. The court, after hearing the evidence, made findings of fact and conclusions of law and rendered judgment for plaintiffs. Defendants Shumway appeal.

It appears from the evidence and the court's findings that both parties deraign title from a common source, to wit, through Dan T. Peart, administrator of the estates of William Lee and Lola W. Lee, husband and wife and owners of such lots during their lifetime. Such administrator, on April 10, 1922, conveyed by deed all interest of the estate of Lola W. Lee in and to said lots to one D, without consideration, with the understanding that D would immediately convey the property to the Casa Grande Valley Bank in trust for such estate, or the heir thereof, and on the following day D conveyed his title to said bank; that on August 1, 1922, such administrator made a like conveyance of the interest of the estate of William Lee to one H, with a like understanding, and on the same day H conveyed his title to said bank; that the bank accepted such title and agreed to hold same for the convenience of the administrator, or heir, and to convey to whomever the administrator, or heir, might designate; that the bank paid taxes and assessments on the property for the years 1923 to 1929, inclusive, in the sum of $350.47 but without any authorization from the legal heir or the probate court in which said estates were being administered.

That Thompson Lee was the sole heir of William and Lola W. Lee and entitled to what remained of their estates, after their debts and expenses of administration were paid, a part of which remainder were Lots 8, 9, and 10; that on March 24, 1933, Lee as such sole heir deeded such property to the Earley Land and Investment Company, a corporation, which later conveyed same to the plaintiffs, who, and with their predecessors in interest, have had actual, open, notorious and adverse possession thereof for more than ten years prior to filing their complaint (Oct. 22, 1928).

On June 27, 1932, the bank became insolvent, was taken over by the state banking department and, un-

der the supervision of the superintendent of banks as *ex-officio* receiver, was put through the process of liquidation, and through such proceeding the defendants Shumway claim they became the owners of such lots. The findings in that connection are that the superintendent of banks, under authority from the court in the insolvent proceeding, some time early in 1938 sold to defendants, at public auction *en masse,* the remaining assets of the bank as set forth and described in Schedule A attached to his petition, but that neither the lots nor any claim for taxes and assessments paid thereon by the bank was set forth in such Schedule A, nor in the notice of sale, nor in the return of sale, nor in the instrument conveying to the defendants the property sold, nor in the order confirming sale to defendants; nor were such lots or taxes and assessments ever listed as assets of the bank in such proceeding.

That on March 22, 1938, and subsequent to such sale *en masse* to the defendants, the superintendent of banks made to defendants an assignment as follows:

" . . . all of my right, title and interest of said insolvent bank in and to all moneys due the said Casa Grande Valley Bank by virtue of advances made for the payment of taxes and special assessments in the matter of the Lola W. Lee trust, together with any lien that may have arisen by virtue of certain advances having been made."

That such assignment was not authorized by the court nor approved by the court nor reported to the court.

That the president and secretary of the bank, as such, executed a deed purporting to convey the insolvent bank's interest in the lots to defendants Shumway; that they did so without any authority from Thompson Lee, the sole heir of the Lee estates, and while the bank was insolvent and in the hands of the banking department.

That defendants have paid out in taxes and assessments on the lots the sum of $786.71, including amount paid by the bank, a part of which sum was for redemption of the lots from tax sale.

Under the law, when the banking department took over the insolvent Casa Grande Valley Bank, the assets of such bank forthwith were vested in the superintendent of banks

"with the sole, exclusive and unconditional ownership and title in himself, his successors in office, and assigns, . . . and upon the order of the superior court of the county in which it is doing business, may sell or compound all bad or doubtful debts, and on like order may sell its real and personal property on such terms, at public or private sale, as the court shall direct, and if necessary shall enforce in this state or elsewhere the liabilities of its stockholders." Sec. 246, Rev. Code of 1928.

According to the findings, the superintendent of banks did not list the lots as assets of the bank and did not treat them as such, and we think properly so, since the bank did not acquire any interest therein by reason of accepting the naked title. Nor did the superintendent list the item of $350.47 which it had laid out in payment of taxes and assessments on the property during the years 1923–1929 inclusive, for the reason, we presume, that such items were barred by the statutes of limitation. But had the lots been assets, no authority was ever given the superintendent to sell them, so the deed he gave the defendants as superintendent on March 22, 1938, conveyed no title, because he had no title to convey. The purported deed of the bank by its president and secretary to defendants likewise conveyed no title, for the reason that when it was executed the bank had gone out of existence. The trustee having gone out of existence, the trust failed or died without being discharged. However, as a matter of law, the owner of the lots could

convey a good title even though the bank did hold the bare legal title thereto. 65 C. J. 519, sec. 267; *Blumrosen* v. *Burke,* (Tex. Civ. App.) 37 S. W. (2d) 1070. The evidence and the findings establish beyond controversy that Thompson Lee was the owner of the property and that as such he conveyed it to plaintiffs' grantor.

█ █ We wish very much that the law were such that we could protect the defendants for the sum they paid out for taxes on the property and for tax certificates they redeemed from the state, but since defendants cannot connect themselves with the title to the lots, nor show that they ever obtained any interest therein, either legal or equitable, we are powerless to enforce a lien on the property for such outlay. Nor can we decline to affirm the judgment quieting plaintiffs' title until defendants are paid such taxes and redemption money, as was done in *Provident Mutual Building-Loan Assn.* v. *Schwertner,* 15 Ariz. 517, 140 Pac. 495. It is well settled law that one who voluntarily pays the debt or obligation of another, when under no duty to do so, may not recover his outlay. *Merrill* v. *Gordon,* 15 Ariz. 521, 140 Pac. 496; *Gonzalez & Co., etc.,* v. *Thomas,* 42 Ariz. 308, 25 Pac. (2d) 552; 61 C. J. 949, 950, secs. 1226, 1227.

The judgment of the lower court is affirmed.

LOCKWOOD and McALISTER JJ., concur.