213 P.2d 899

**VAN NESS v. SUPERIOR COURT OF STATE IN AND FOR MARICOPA COUNTY et al.**

No. 5296.

Supreme Court of Arizona.

Decided Jan. 23, 1950.

**364**

George D. Locke and Allan K. Perry, of Phoenix, for petitioner.

Frank W. Beer and Kenneth S. Scoville, of Phoenix, for respondents.

DE CONCINI, Justice.

Clarence E. Van Ness, defendant and cross complainant in a divorce action below, hereafter known as petitioner, petitioned this court for a writ of prohibition against the respondent Superior Court wherein the divorce action is pending, praying that respondent be prohibited from enforcing its following order: "Order directing the Defendant, Clarence E. Van Ness, to file his inventory (including that of his separate property) on or before the 15th day of November, 1949, otherwise he will be in contempt of Court without further hearing."

An alternative writ was issued November 12, 1949, and the matter submitted as to whether the writ should be made permanent or dissolved.

The pleadings in the divorce action show a wide difference in the alleged facts. Plaintiff, La Venda Van Ness, wife of petitioner, alleges the community property is valued near $1,000,000, that petitioner has an income of $50,000 per year, most of which income is community property. Petitioner in his answer and cross complaint admits their marriage of 14 years but denies plaintiff's allegations regarding his separate and their community property. He further alleges that all of his property is separate property except that which the parties agreed was community property in a "Property settlement agreement," made between the parties. The value placed on the community property in said agreement is $9,155.12.

This court has heretofore said,

"We have repeatedly held that the writ will issue where an inferior court is assuming jurisdiction in a matter over which it has no control, or going beyond its legitimate powers in a matter in which it has jurisdiction." D. W. Onan & Sons v. Superior Court, 65 Ariz. 255, 179 P.2d 243, 250.

" * * * The court must have (a) jurisdiction of the subject matter of the case, (b) jurisdiction of the persons involved in the litigation, and (c) jurisdiction to render the particular judgment given. * * *" Brecht v. Hammons, 35 Ariz. 383, 278 P. 381, 382.

The question here is did the court have jurisdiction of the parties and subject matter, and if so, did it exceed its jurisdiction in making the order? There is no question of the jurisdiction of the parties, or of the subject matter, i. e. (a) marriage res (b) the property of the parties.

Section 27-808, A.C.A.1939, provides: " * * * At any time during the action the wife may require an inventory and appraisement to be made of all community property, and of her separate property, in the possession of the husband, and may obtain an injunction restraining him from disposing of any part thereof."

And, Section 27-805, A.C.A.1939, provides: *"Disposition of property—Decree may be made lien on separate property.—* On entering a decree of divorce the court shall order such division of the property of the parties as to the court shall seem just and right, according to the rights of each party and their children, without compelling either party to divest himself or herself of the title to separate property. The court may, however, fix a lien upon the separate property of either to secure the payment of any interest or equity that the other party may have in or to such separate property, or any equity that may arise in favor of either party out of their property during the existence of the marriage relation, or to secure the payment of an allowance for the support and maintenance of the wife or minor children of the parties. The decree shall specifically describe the real property affected and situate in this state. Any separate property of either party of which no disposition is made in the decree shall remain the separate property of such party, free of all claims of the other party; any community property for which no provision is made in the decree shall be from the date of such decree, held by the parties as tenants in common, each possessed of an undivided one-half interest therein."

For interpretation of this section, see Ackel v. Ackel, 57 Ariz. 14, 110 P.2d 238, 133 A.L.R. 549.

■ While this court has held that a divorce action is an action in equity, Schwartz v. Durham, 52 Ariz. 256, 80 P. 2d 453, yet the trial court may not assume a jurisdiction not given it by statute because divorce is primarily a statutory action and equity is invoked in aid of the execution of the statute. Section 27-808, A. C.A.1939, supra, does not include the wife's right to demand an inventory of the husband's separate property. Such authority not expressly given by statute cannot thus be assumed.

■ Unquestionably the plaintiff has the right by statute to inquire into the husband's claimed separate property by taking his deposition. The court may fully inquire into the separate property of the defendant at the time of the trial, but cannot compel defendant to submit an inventory of his separate property to be filed in the action for the world to see because divorce being a statutory action, no statute provides for such inventory. Section 27-808, supra.

■ The court may, and it is its duty, at the proper time to inquire into all of the husband's property both separate and community, and may create a lien on all or part of his separate property as provided in Section 27-805, supra.

■ It can be readily seen that the court did exceed its jurisdiction in making said order.

Writ is made peremptory.

LA PRADE, C. J., and UDALL, STANFORD and PHELPS, JJ., concur.