529 P.2d 708

**Norman Kennedy HUNT, Appellant,**

**v.**

**Lucy Ann HUNT, Appellee.**

**No. 1 CA–CIV 2600.**

Court of Appeals of Arizona,
Division 1,
Department B.

Dec. 24, 1974.

Rehearing Denied Jan. 29, 1975.

Review Denied March 18, 1975.

Shimmel, Hill, Bishop & Gruender, P. C. by William C. Blakley, Phoenix, for appellant.

James A. Simmons, P. A. by James A. Simmons, Phoenix, for appellee.

## OPINION

HAIRE, Presiding Judge.

Appellant Norman Kennedy Hunt was the defendant and counter-claimant in a divorce action heard by the trial judge sitting without a jury. On this appeal questions are raised concerning custody orders entered by the trial court.

On July 10, 1973, following a two day trial, the court determined the issues of the dissolution itself, the distribution of the community property, and the awarding of attorney's fees to the plaintiff. Regarding the custody of the only child of the parties, the court ordered that her care, custody and control be awarded to the defendant with the exception of the following 30 days during which time she was to visit her grandmother in Bisbee, Arizona. The order also contained a provision for custody review to be held on September 14, 1973. The review hearing was subsequently continued to October 1, 1973, and after one day of testimony, permanent custody of the child was awarded to the plaintiff by the court's order entered that same day.

Defendant first challenges the October 1973 order awarding permanent custody to the plaintiff on the ground that it was a modification of the final divorce decree entered in July 1973, and as such could only be made upon a showing of a change of circumstances sufficient under the law to justify modification of a prior final custody order.[1] *See*, Andro v. Andro, 97 Ariz. 302, 400 P.2d 105 (1965); Burk v. Burk, 68 Ariz. 305, 205 P.2d 583 (1949); Galbraith v. Galbraith, 88 Ariz. 358, 356 P.2d 1023 (1960).

In answer to this contention the plaintiff urges that the hearing conducted on October 1, 1973 was not a proceeding to modify a prior final award of custody, but rather, that no prior final award of custody had been made and that the purpose of the October 1, 1973 proceeding was to enable the court to enter, for the first time, a final custody order. It is plaintiff's contention that the portion of the July 1973 order regarding custody was merely an interlocutory order intended to be effective for the 60 day interim period until the contemplated final custody hearing which was scheduled to be held in September.

A reading of the July 1973 order persuades us that plaintiff is correct in her contention that the trial judge did not intend that the matter of custody be finally resolved until after the September hearing. In fact, counsel for defendant does not seriously contend otherwise. With this back-

---

1. The words "final award" or "final order" as used in this decision are intended to refer to an order, judgment or decree entered by the trial court at the termination of the divorce proceedings as distinguished from "temporary" custody orders of an interim nature entered by the trial court pending determination of the divorce proceedings.

ground in mind, our problem is that of determining the effect of the court's order of July 10, 1973, insofar as concerns the proof necessary to support a subsequent modification of that order. The order, considered as to custody alone, has all the appearances of an interlocutory order, and yet, in our opinion the trial court lacked the authority to enter such an interlocutory order as to custody once the decree of divorce was entered. A.R.S. § 25–315, which was in effect at the time this matter was before the trial court, provided as follows:

"§ 25–315. Alimony and temporary orders prior to final judgment in divorce action

"*During pendency of an action for divorce*, the court may in its discretion require the husband to pay as alimony money necessary for prosecution of the action, or for attorney's fees, or for support and maintenance of the wife or minor children of the parties. *The court may make temporary orders respecting the property of the parties or the custody of the children of the parties, as may be necessary.*" (Emphasis added).

■ This section was the sole provision in the statutory divorce scheme which granted the trial court the authority to enter temporary custody orders. It is well settled in Arizona that divorce is a statutory action and that the trial court has only such authority as is given it by statute. Van Ness v. Superior Court, 69 Ariz. 362, 213 P.2d 899 (1950); Saxon v. Riddel, 16 Ariz.App. 325, 493 P.2d 127 (1972). In the absence of statutory authorization, it is our opinion that the trial court committed error when it included a temporary custody order in its final judgment which decided the issue of dissolution of the marital bonds.

A similar result has been reached in Brighton v. Superior Court of the State of Arizona, 22 Ariz.App. 291, 526 P.2d 1089 (1974), which construed the recently enacted provisions of A.R.S. § 25–312. That section provides:

"The court shall enter a decree of dissolution of marriage if it finds *each* of the following:

"1. That one of the parties, at the time the action was commenced, was domiciled in this state, or was stationed in this state while a member of the armed services, and that in either case the domicile or military presence has been maintained for ninety days.

"2. The conciliation provisions of § 25–381.09 either do not apply or have been met.

"3. The marriage is irretrievably broken.

"4. To the extent it has jurisdiction to do so, the court has considered, approved, and made provision for child custody, the support of any, natural or adopted, child common to the parties of the marriage entitled to support, the maintenance of either spouse and the disposition of property."

The facts in the case under consideration and in Brighton, *supra,* are similar except that Brighton involved a situation where no property settlement was arrived at before the decree of dissolution was entered. The court held such a procedure objectionable, stating:

"We agree with petitioner that the language of A.R.S. § 25–312 clearly mandates that all issues relative to the marital status and the termination thereof be resolved prior to entry of a decree of dissolution. Piecemeal litigation is not to be encouraged; to the contrary, amicable settlement of custody, maintenance and property disputes between spouses is the desirable goal. Were dissolution of the marital status to be allowed prior to resolution of the other issues, litigation would be fostered rather than deterred."

■ We now proceed to a consideration of the effect of the erroneous inclusion in the final judgment of divorce of a temporary custody order. Defendant appears to be urging that because the temporary cus-

tody order was contained in the final divorce judgment, it (the temporary custody order) must also be considered final, and thus not subject to modification without a showing of a subsequent change in circumstances. Reviewing the face of the judgment and the record, it is clear that, although intended to be final in other respects, the provisions for child custody were intended to be temporary in nature. In our opinion the more appropriate view is to consider the July 1973 order as a final judgment erroneously containing *temporary* custody provisions. No appeal having been filed from that order, the parties are bound by its provisions, including the provisions for temporary custody and the subsequently scheduled hearing for the determination of permanent custody. Taking this view, it is not necessary to consider whether the evidence shows a change of circumstances occurring between July and October so as to justify the permanent custody order subsequently entered in October.

■■■ The defendant next contends that even if the October order is treated as the first permanent custody order, thereby rendering unnecessary a showing of a change of circumstances between July and October, nevertheless the award of custody to the plaintiff must be reversed because there is no evidence in the record which establishes that it would be in the child's best interests to be placed with the plaintiff. We are unable to consider this argument since the defendant has failed to provide this Court with a transcript of the two day trial conducted in July of 1973. It is well recognized that an appellant must provide the appellate court with all the evidence admitted in the trial court if the appeal is based upon the contention that there was insufficient evidence to support the judgment of the trial court. Chemi-Cote Perlite Corporation v. Harborlite Corporation, 4 Ariz.App. 268, 419 P.2d 398

(1966); Riley v. Jones, 6 Ariz.App. 120, 430 P.2d 699 (1967). Notwithstanding the foregoing principle, the defendant contends that in view of the trial court's July finding no. IV,[2] we can find an abuse of discretion by the trial judge, even in the absence of a transcript of prior proceedings. In view of the admittedly tentative nature of the court's July custody order, we are not persuaded that he was precluded from subsequently changing his mind on that issue, based upon the totality of the evidence received both before and after the entry of the July order. It follows that this Court cannot find an abuse of discretion without being presented with an opportunity to review the same totality of the evidence.

The judgment is affirmed.

JACOBSON, C. J., and EUBANK, J., concur.

---

2. Finding no. IV from the trial court's order of July 12, 1973, reads as follows:

"The Court further finds that the plaintiff has been absent from the family household on numerous school day mornings and has not provided the stability, responsibility and guidance necessary for her to have the care, custody and control of CYNTHIA LA FONT HUNT."