612 P.2d 511
**In re the Marriage of Priscilla AN-DREWS, Petitioner-Appellant,**

v.

**Vernon L. ANDREWS,
Respondent-Appellee.**

**No. 1 CA–CIV 4587.**

Court of Appeals of Arizona,
Division 1,
Department B.

May 29, 1980.

**56**

Neil P. Miller and Barbara Elfbrandt, Tucson, for petitioner-appellant.

Osborn, Thomas & Varbel by Roy Osborn, Phoenix, for respondent-appellee.

## OPINION

O'CONNOR, Judge.

This is an appeal from an order of the trial court denying a motion for relief from a final order of the trial court filed by appellant pursuant to rule 60(c), Rules of Civil Procedure. A petition for order to show cause why appellee should not be held in contempt of court for failure to pay child support as previously ordered by the court, and to modify the decree of dissolution of the marriage of the parties to increase the amount of child support, was filed by appellant. The matter was heard, and the trial court signed and entered an order on June 8, 1978, which reads in part as follows:

> The court finds that there was no willful or contumacious refusal or failure by the Respondent to pay child support . .; the total amount of child support which was to have been paid from February, 1975, through April, 1978, was $10,000.00 . . .; the Respondent paid to the Petitioner as and for child support $595.00 . . .; that Respondent made payments for Petitioner's mobile home, trailer space and taxes in the sum of $2,115.67 pursuant to an unenforceable agreement of the parties that such payments were in lieu of child support payments and that it would be unjust to allow Petitioner to keep said money and therefore Respondent is entitled to a judgment against Petitioner of $2,115.67; Respondent did care for the parties minor children directly three days a week pursuant to consent of the parties and that Respondent is entitled to $\frac{3}{7}$ credit against his support obligations during this period, which totaled $5,950.00, in the sum of $2,528.57; . . . Petitioner is not entitled to interest except for those payments accruing after March 20, 1978, the date of filing the Petitioner [*sic*] and Order to Show Cause herein; . . .

IT IS HEREBY ORDERED:

1. That the Respondent is not in contempt of Court.

2. That the Petitioner have judgment against the Respondent in the amount of $6,796.43 as and for child support arrearages, with interest authorized by law.

3. That the Respondent have judgment against the Petitioner in the amount of $2,115.67 for payments made on the mobile home, trailer space and taxes, with interest authorized by law.

For reasons which are unexplained, no appeal was taken from the June 8, 1978, order of the trial court. However, on July 10, 1978, a motion for relief from the order of June 8 was filed pursuant to rule 60(c), Rules of Civil Procedure, seeking relief from the judgment in favor of appellee for the payments made on the mobile home and trailer space, and taxes thereon, and from the order crediting respondent with $2,528.57 against child support arrearages for the time the minor children spent with him, and from the denial of interest on the arrearages prior to March 20, 1978. The trial court denied the rule 60(c) motion for relief. Notice of Appeal was filed from the court's order denying rule 60(c) relief.

Rule 60(c), Rules of Civil Procedure, provides:

On motion and upon such terms as are just the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(d); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment on which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. . . .

■ On appeal from the denial of a rule 60(c) motion, the order of the trial court will be sustained unless the record on appeal demonstrates a clear abuse of discretion. *Staffco, Inc. v. Maricopa Trading Co.*, 122 Ariz. 353, 595 P.2d 31 (1979); *Ashton v. Sierrita Mining and Ranching*, 21 Ariz.App. 303, 518 P.2d 1020 (1974); *Modla v. Parker*, 17 Ariz.App. 54, 495 P.2d 494, *cert. denied*, 409 U.S. 1038, 93 S.Ct. 516, 34 L.Ed.2d 487 (1972). Therefore, the only question on appeal is whether the trial court properly denied relief under rule 60(c).

■ Subsection (4) of rule 60(c) allows the court to vacate a void judgment. Subsection (6) allows the court to grant relief from a final judgment for "any other reason justifying relief from the operation of the judgment." However, as stated by this court in *Arizona State Department of Economic Security v. Mahoney*, 24 Ariz.App. 534, 536, 540 P.2d 153, 155 (1975):

Rule 60(c) is not designed to be a substitute for appeal, *Kowall v. United States*, 53 F.R.D. 211 (W.D.Mich.1971), nor is it designed to be a vehicle for relitigating issues. *State v. Swingle*, 110 Ariz. 66, 514 P.2d 1254 (1973).

See also *State v. Brown*, 9 Ariz.App. 323, 325, 451 P.2d 901, 903 (1969), where the court stated that rule 60(c) motions are "not to be used merely because [a party] is unhappy with the result."

Appellant's first claim is that the trial court lacked jurisdiction to enter a judgment in favor of the appellee and against the appellant in the amount of $2,115.67 for payments made by appellee after the dissolution of the marriage for the mobile home, the trailer space, and taxes. The decree of dissolution was filed January 14, 1975. It awarded custody of the parties' four minor children to the appellant wife. She was also awarded as her sole and separate property a trailer lot in Flagstaff, Arizona, which was subject to a mortgage, and a mobile home, subject to an encumbrance. Appellee husband was ordered to pay child support in the amount of $50.00 per month per child until his gross income reached $15,500.00 per annum, and, thereafter, he was to pay $75.00 per month per child. After the dissolution, appellant and the children moved to Tucson, Arizona. Appellant did not make the payments due on the mobile home and lot during 1975, and the appellee moved into the mobile home. He lived there during 1975 and made the payments on the mobile home and lot, and paid the taxes thereon. He did not pay child support payments as ordered by the court. At the hearing on the order to show cause,

the appellee testified that the parties had orally agreed he would live in the mobile home and make the payments on it and on the lot in lieu of paying the child support. Appellant testified that no such agreement was made. The payments on the mobile home and the lot amounted to a total of $212.00 per month.

The trial court's order of June 8, 1978, found that the parties made an "unenforceable agreement" that appellee would make the payments on the mobile home and lot in lieu of child support payments, and that it would be unjust to allow appellant wife to keep the money and "therefore [appellee husband] is entitled to a judgment against [appellant wife] of $2,115.67."

The appellee husband had not filed suit against appellant wife for the amounts paid by him on the mobile home and lot. He had merely claimed an offset for the amounts in response to appellant's petition for order to show cause.

In denying appellant's rule 60(c) motion to vacate the judgment against her, the court stated:

> it seemed to me the law was that this was an unenforceable agreement between the parties. . . . I sought to redress that in this action. I think I have the power to do that, and that is what I have done. Otherwise, we would have a multiplicity of lawsuits. We would have more court time taken up in further hearings. The attorney's fees for the parties would increase. . . .

▆▆ The power of a court to render a valid judgment is limited by the nature of the suit, and the issues raised by the pleadings. If the court's judgment exceeds those limits it is void. *Clark v. Arizona Mutual Savings & Loan Association*, 217 F. 640 (D.C.1914), *aff'd sub nom. Farmers' & Merchants' Bank of Phoenix, Arizona v. Arizona Mutual Savings & Loan Association*, 220 F. 1 (9 Cir.), *cert. denied*, 238 U.S. 628, 35 S.Ct. 791, 59 L.Ed. 1496 (1915); *Kingsbury v. Christy*, 21 Ariz. 559, 192 P.

1114 (1920). Appellee had filed no pleading which could possibly be construed as placing in issue an affirmative claim for recovery of a judgment against appellant wife for the payments made on the mobile home and lot. What he asserted in his response was merely a claim of affirmative defense or credit against the child support payments. "A judgment may be attacked as void on its face if . . . jurisdiction to render the particular judgment or order entered [is lacking.]" *Matter of Adoption of Hadtrath*, 121 Ariz. 606, 608, 592 P.2d 1262, 1264 (1979). Dissolution of marriage is a statutory action in Arizona, and a trial court has only such jurisdiction as is given to it by statute. *Van Ness v. Superior Court*, 69 Ariz. 362, 213 P.2d 899 (1950); *Saxon v. Riddel*, 16 Ariz.App. 325, 493 P.2d 127 (1972). There is no statutory authority giving the trial court jurisdiction to enter judgment for a civil contract claim asserted as an affirmative defense in a post dissolution child support enforcement proceeding. *See Savage v. Thompson*, 22 Ariz.App. 59, 523 P.2d 110 (1974). Clearly, the trial court lacked jurisdiction to enter judgment in favor of appellee and against appellant for the payments made by him. The judgment is void. It was a clear abuse of the court's discretion to deny the appellant's rule 60(c) motion to vacate the judgment in the amount of $2,115.67.

Appellant next argues that her rule 60(c) motion was erroneously denied as to the credit which was allowed by the trial court in the amount of $2,528.57 against the child support obligation of appellee for the time which the court found the children had spent with appellee since the dissolution of the marriage.

▆▆ In our view, the allowance by the trial court of a credit against his child support arrearages for the time during which his children lived with him was error on the facts of this case, and it could have been raised on an appeal from the June 8, 1978, order.[1] However, appellant did not appeal

---

1. For a case holding that credit may not be allowed against child support arrearages for

periods during which the child lives with the parent whose obligation it is to make the pay-

from the June 8 order. She was represented by counsel throughout the proceedings, and the issues raised in the rule 60(c) motion were raised at the time of the hearing on the order to show cause. It is our opinion that it was not a clear abuse of the trial court's discretion to deny appellant's motion for relief under rule 60(c) insofar as it was based on granting credit for time the children spent with the appellee.

■ Appellant's final claim is that she is entitled to rule 60(c) relief from the order on the grounds that the trial court refused to award interest on the child support arrearages which accrued prior to March 20, 1978. Once again, in our view it was error for the court to deny judgment against appellee for interest at the legal rate on each installment of child support as it became due. *Jarvis v. Jarvis*, 27 Ariz.App. 266, 553 P.2d 1251 (1976). Nevertheless, appellant did not appeal from the June 8

order. She was represented by counsel and the issue was raised in the hearing on the order to show cause. It is our opinion that it was not a clear abuse of discretion for the trial court to deny appellant's rule 60(c) motion insofar as it was based on the denial of interest.

The judgment of the trial court granted in favor of appellee and against appellant in the amount of $2,115.67 is void. The trial court is directed to issue its order vacating the judgment in accordance with our mandate.

EUBANK P. J., and HAIRE, J., concur.

---

ments, see *Baures v. Baures*, 13 Ariz.App. 515, 478 P.2d 130 (1970). *Cf. Cole v. Cole*, 101 Ariz. 382, 420 P.2d 167 (1966), and *Badertscher v. Badertscher*, 10 Ariz.App. 501, 460 P.2d 37 (1969) (in both cases the respective fathers had successfully petitioned the court for a change

of custody and were allowed credit for expenditures made while child was in father's custody and where the payments were in substantial compliance with the spirit and intent of the decree).