739 P.2d 791

**In re the Marriage of ANONYMOUS WIFE, Petitioner,**

v.

**ANONYMOUS HUSBAND, Respondent-Appellant,**

**Child, Plaintiff,**

**Adjudicated Natural Father, Defendant-Appellee.**

**No. 1 CA–CIV 7817.**

Court of Appeals of Arizona, Division 1, Department A.

Feb. 25, 1986.

Law Offices of Otto H. Linsenmeyer by Frank E. Dickey, Jr., Phoenix, for respondent-appellant.

Law Offices of Gregory E. Hinkel by Gregory E. Hinkel and Cahill, Hanson, Phillips & Mahowald by Bruce M. Phillips, Phoenix, for defendant-appellee.

## OPINION

RICHARD M. DAVIS, Judge Pro Tem.

The appellant husband appeals from a judgment denying his claim for recovery of expenditures to support a minor child which he asserted as a cross-claim in paternity proceedings instituted within a dissolution action. The appellee natural father contends in a cross-issue on appeal that the superior court and consequently this court was and is without jurisdiction to adjudicate the claim in these proceedings. We are constrained to agree and since the issue has not arisen before in a context like the present one, we publish this opinion. We have re-designated the parties for the welfare of the minor child.

The appellant husband was married to the wife (petitioner below) when, in 1971, she became pregnant. It was either virtually known or strongly suspected by all parties in interest that the appellee was the father. Appellee advanced the idea of a therapeutic abortion. This was unacceptable to appellant and, apparently, to the wife. In a confrontation with appellee at which the appellant husband appeared wearing a gun, appellant stated that he would raise the child as his own. The child was born in 1972 and for several years thereafter appellant contributed to her support.

In 1981 the wife filed a petition for dissolution. In his response appellant denied paternity of the child. An attorney was appointed for the child and she filed, within the divorce proceeding, as did the wife, a complaint for paternity against both the appellant husband and appellee. Appellant then filed the cross-claim which is presently before us against appellee for recovery of support outlays on an implied contract, or quasi-contractual, basis. The trial court subsequently found that appellee was the biological father and in later, bifurcated proceedings on monetary issues, it held that while appellee was liable for substantial sums of past and future support for the child, payable to the child, he was not liable to appellant for the latter's expenditures. The trial court concluded that the appellant husband's contributions were voluntarily made with full knowledge of all of the facts and also that he was barred by laches and the statute of limitations. We emphasize that only the husband's claim against the natural father is before us on appeal.

On the merits appellant argues that notwithstanding his open-eyed and forcefully communicated decision to be a father to the child to the exclusion of appellee, he can now personally recover from appellee for expenditures dating back to 1972. See Restatement of Restitution § 113 (1937), alluding to the requirement of "the intent to charge therefor,"[1] and *Shumway v. Earley*, 56 Ariz. 124, 106 P.2d 194 (1940). These assertions were advanced in the context of a claim of duress based upon religious and other factors which was not accepted by the trial court. We turn, however, to the priority matter of jurisdiction.

■ While appellee's cross-issue questioning jurisdiction is not, properly speaking, designed to uphold the decision of the lower court, this court inquires into its own jurisdiction *sua sponte*. *See Rueda v. Galvez*, 94 Ariz. 131, 382 P.2d 239 (1963). This court's appellate jurisdiction is derivative and if the trial court lacked jurisdiction, so does this court. *Webb v. Charles*, 125 Ariz. 558, 611 P.2d 562 (App.1980).

---

1. **"§ 113. PERFORMANCE OF ANOTHER'S NONCONTRACTUAL DUTY TO SUPPLY NECESSARIES TO A THIRD PERSON.**

    "A person who has performed the noncontractual duty of another by supplying a third person with necessaries which in violation of such duty the other had failed to supply, although acting without the other's knowledge or consent, is entitled to restitution therefor from the other if he acted unofficiously and with intent to charge therefor."

We take our cue from a group of Arizona decisions which hold that jurisdiction in divorce proceedings is narrowly defined by statute, and is not to be enlarged to permit adjudication of distinct, even if related, claims.

Thus, in *Windauer v. O'Connor*, 107 Ariz. 267, 485 P.2d 1157 (1971), the court in considering an intentional interspousal tort action noted that the plaintiff in such an action first had to be divorced from the defendant, and added:

> "Furthermore, the peculiar and special nature of a divorce action speaks against the bringing of the two actions in one litigation." *Id.* at 268, 485 P.2d at 1158.

In *Weaver v. Weaver*, 131 Ariz. 586, 643 P.2d 499 (1982), the petitioner in a divorce proceeding secured a money judgment against the respondent based upon the latter's destruction of the petitioner's personal property. Our supreme court, noting the narrow statutory jurisdiction of the superior court in a dissolution proceeding, reversed the money judgment and the decision of the court of appeals affirming it. *See also Van Ness v. Superior Court*, 69 Ariz. 362, 213 P.2d 899 (1950); *Andrews v. Andrews*, 126 Ariz. 55, 612 P.2d 511 (App. 1980); *Hunt v. Hunt*, 22 Ariz.App. 554, 529 P.2d 708 (1975); *Savage v. Thompson*, 22 Ariz.App. 59, 523 P.2d 110 (1974); and *Saxon v. Riddel*, 16 Ariz.App. 325, 493 P.2d 127 (1972).

■ While there are *in personam* aspects, a divorce or dissolution proceeding is essentially *in rem*, the *res* being the marriage status. *See Schilz v. Superior Court*, 144 Ariz. 65, 695 P.2d 1103 (1985). This country did not inherit either a common law or a statutory law of divorce, because divorce was in the realm of the English ecclesiastical courts until the 19th century, and canon law was controlling. *See* F. Keezer, *Marriage and Divorce* 68–69 (J. Morland 3d ed. 1946); 1 *W. Blackstone, Commentaries* *421–433. Since our courts were without *inherent* legal or equitable powers relating to divorce, the guiding principle is that every power exercised by a court in a divorce proceeding must find its source in the relevant statutory framework, "or it does not exist." *Baril v. Baril*, 354 A.2d 392 (Me.1976); *Sosso v. Sosso*, 196 Neb. 242, 242 N.W.2d 621 (1976). It follows that in a divorce proceeding the trial court can consider only strictly germane matters. *Sosso, supra; Short v. Short*, 40 Del. 406, 11 A.2d 277 (Del.Super. 1940).

That Arizona follows these principles is made clear in *Weaver, supra:*

> "Despite the application of equitable standards in a dissolution proceeding, it remains a statutory action, and the trial court has only such jurisdiction as is granted by statute. [Citations omitted]. A.R.S. § 25–311 vests the superior court 'with original jurisdiction to hear and decide all matters pursuant to this chapter.' Thus, Title 25 defines the boundaries of a dissolution court's jurisdiction, and the court may not exceed its jurisdiction even when exercising its equitable powers." 131 Ariz. at 587, 643 Ariz. at 500.

*Cf. Collier v. Collier*, 73 Ariz. 405, 242 P.2d 537 (1952), which involved the partition of jointly held property.

■ The legislature can undoubtedly provide that certain claims and proceedings shall be kept separate from others. *See, e.g., Mead, Samuel & Co. v. Dyar*, 127 Ariz. 565, 568, 622 P.2d 512, 515 (App. 1980), and cases cited. When it does so, expressly or by implication,[2] the otherwise broadly effective provisions of Rule 18(a) of our Rules of Civil Procedure, relating to joinder of claims, are ineffective. It is clear from the foregoing that dissolution proceedings are to be kept separate from other civil claims.

■ In the instant case, it was permissible for the trial court to reach the issue of paternity. *See Anonymous v. Anony-*

---

**2.** Limitations on jurisdiction are not always explicit. In the federal courts, for example, the broad statutory grant of diversity jurisdiction has been held not to include *parens patriae* matters, probate matters and domestic relations. *See* 1 *Moore's Federal Practice*, para. 0.60[1] (2d ed. 1985) and Vestal and Foster, *Implied Limitations on the Diversity Jurisdiction of Federal Courts*, 41 Minn.L.Rev. 1 (1956).

*mous,* 10 Ariz.App. 496, 460 P.2d 32 (1970), and *cf. Schilz v. Superior Court, supra.* For that purpose appellee was properly made a party to the dissolution proceedings. A.R.S. § 25–314(D). But under the Arizona dissolution of marriage statutes, there is no basis for the trial court in a divorce proceeding to adjudicate an *in personam* claim like the present one between appellant and apellee. Its attempt to do so was beyond its jurisdiction.

 The appellant husband asserts that although he did not prevail and has not prevailed he should have been awarded attorney's fees in the trial court. He essentially argues that but for his act denying paternity there would have been no recovery by the child from her father. Appellant cites no authority and we perceive no basis in law or equity for a recovery by appellant of attorney's fees below.

Appellee seeks his attorney's fees under Rule 25, Arizona Rules of Civil Appellate Procedure, for a frivolous appeal.

It has been appellant's theory that his claim is one for reimbursement for necessaries provided and that the appellee was unjustly enriched. *See* Restatement of Restitution § 113 (1937) quoted at note 1, *supra,* and 2 G. Palmer, *The Law of Restitution* § 10.4 (1978). Appellant further contends that he commenced his claim as early as he could under the circumstances.

 If jurisdiction had existed, we would affirm the trial court's ruling, which included a weighing of certain equitable factors. We cannot say, however, that the law in this area is so clear that the appeal must be deemed frivolous. Appellee also seeks attorney's fees on appeal on the basis of A.R.S. § 12–341.01. While we agree with appellee that the basis of the claim is contractual, the statute is permissive, *see Associated Indemnity Corp. v. Warner,* 143 Ariz. 567, 694 P.2d 1181 (1985), and in this particular case based upon a consideration of the entire record we decline to award attorney's fees. Appellee's request is accordingly denied.

The appeal is dismissed, and the trial court is instructed to dismiss the subject claim of appellant.

GREER, P.J., and BROOKS, J., concur.