739 P.2d 794

**In re the Marriage of ANONYMOUS WIFE, Petitioner,**

v.

**ANONYMOUS HUSBAND, Respondent-Appellant,**

**Child, Plaintiff,**

**Adjudicated Natural Father, Defendant-Appellee.**

**No. CV–86–0325–PR.**

Supreme Court of Arizona.

June 16, 1987.

Law Offices of Otto H.E. Linsenmeyer by Frank E. Dickey, Jr., Phoenix, for Anonymous Husband.

Gregory E. Hinkel and Bruce M. Phillips, Phoenix for Adjudicated Natural Father.

GORDON, Chief Justice.

Anonymous wife and respondent-appellant husband were married prior to 1971. In 1971, the wife became pregnant with a child that all parties agree was fathered by defendant-appellee (natural father). The child was born in August 1972. The wife and husband raised the child as their own. They never requested support from the natural father, nor did the natural father ever volunteer to raise the child as his own or to contribute to the child's support.

The wife filed a petition for dissolution of the marriage in 1981. The husband denied paternity of the child. The wife and the attorney appointed to represent the child both filed paternity complaints against the husband and the natural father. The husband filed a crossclaim against the natural father to recover one-half of the total funds expended by the marital estate to support the child. The trial court ordered the natural father to contribute to the past and future support of the child[1] but held that neither the husband nor the wife could recover from the natural father support payments made by the marital estate. The trial court concluded that the husband and wife had voluntarily elected to support the child as their own and that their claim against the natural father was time-barred. The trial court also denied the husband's request for attorney's fees.

The court of appeals concluded that the trial court lacked jurisdiction to adjudicate the husband's crossclaim against the natural father. *In re Marriage of Anonymous Wife v. Anonymous Husband*, 153 Ariz. 570, 739 P.2d 791 (App.1986). The court also denied the husband's request for attorney's fees. The court subsequently denied the husband's Motion for Reconsideration and granted the natural father's request for attorney's fees incurred in responding to the Motion.

We granted the husband's Petition for Review and address the following issues:

1. Did the trial court have jurisdiction to adjudicate the husband's crossclaim?

2. If so, was the husband's crossclaim meritorious?

3. Was the husband entitled to recover attorney's fees?

4. Did the court of appeals err in awarding to the natural father his attorney's fees incurred in responding to the husband's Motion for Reconsideration?

We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3), A.R.S. § 12–120.24, and Rule 23, Ariz.R.Civ.App.Pro., 17A A.R.S.

## I.  JURISDICTION

As noted by the court of appeals, "[t]his country did not inherit either a common law or a statutory law of divorce, because divorce was in the realm of the English ecclesiastical courts until the 19th century, and canon law was controlling." 153 Ariz. at 572, 739 P.2d at 793. As such, "the guiding principle is that every power exercised by a court in a divorce proceeding must find its source in the relevant statutory framework." *Id.; see also Weaver v. Weaver*, 131 Ariz. 586, 643 P.2d 499 (1982); *Andrews v. Andrews*, 126 Ariz. 55, 612 P.2d 511 (App.1980). Relying on numerous Arizona cases,[2] the court of appeals con-

1. The trial court ordered the natural father to pay to the child past support of $33,000 and future support of $1,000 per month beginning in January 1984.

2. Cases relied upon included *Weaver, supra, Andrews, supra, Schilz v. Superior Court*, 144 Ariz. 65, 695 P.2d 1103 (1985), *Windauer v. O'Connor*, 107 Ariz. 267, 485 P.2d 1157 (1971), *Van Ness v. Superior Court*, 69 Ariz. 362, 213 P.2d 899 (1950), *Hunt v. Hunt*, 22 Ariz.App. 554, 529 P.2d 708 (1975), *Savage v. Thompson*, 22 Ariz.App. 59, 523 P.2d 110 (1974), *Saxon v. Riddel*, 16 Ariz.App. 325, 493 P.2d 127 (1972), and *Anonymous v. Anonymous*, 10 Ariz.App. 496, 460 P.2d 32 (1970).

cluded that although the trial court could permissibly adjudicate the issue of paternity, it lacked jurisdiction to resolve the husband's crossclaim against the natural father.

■ We disagree with the court of appeals that the trial court, acting as a divorce court, lacked jurisdiction to adjudicate the husband's crossclaim against the natural father for reimbursement of funds expended by the husband to support the child. First, none of the factual situations presented by the cases relied upon by the court of appeals parallel the factual situation before us. Thus, precedent does not necessarily preclude jurisdiction. Second, once paternity is adjudicated, the trial court has statutory authority to "direct the amount which the [natural father] shall pay for the past care and support of the child [and] the manner in which payment shall be made...." A.R.S. § 12–849(A). The statute does not specify or limit the parties to whom payments for the past care and support of the child should be made. It is plausible that the husband, as both the custodian of the child (or at least one standing *in loco parentis*) and a party to the paternity proceedings, is among those persons to whom payment can be ordered pursuant to § 12–849(A). Third, a holding that the trial court in its capacity as a divorce court has no jurisdiction to adjudicate the husband's crossclaim results in piecemeal litigation, for the husband could simply refile his claim with the trial court in its capacity as a court of general jurisdiction. A refiling will only waste scarce and already overburdened judicial resources. We prefer to adopt a holding that not only is statutorily permitted, but also avoids multiplicity of action and duplicity of costs.[3]

**3.** We in no way intimate that a trial court acting as a divorce court has jurisdiction to adjudicate every issue raised in a crossclaim or counterclaim attached to the original complaint. Where issues raised in a crossclaim or counterclaim are strictly germane to the issue of child support, however, as here, we see no reason to preclude the trial court from resolving the child support issue and all germane issues in the divorce proceeding, rather than in multiple proceedings.

## II. MERITS OF THE CROSSCLAIM

■ The trial court found that the wife and husband were aware prior to and at the time of birth of the child that the child was conceived from an extramarital relationship between the wife and the natural father. The trial court also found that the wife and/or the husband could have brought a claim against the natural father for child support at any time but had voluntarily elected not to do so and instead had voluntarily elected to support the child as their own.[4] The trial court also found that the husband's crossclaim was time-barred. The court of appeals wrote: "If jurisdiction had existed, we would affirm the trial court's ruling" on the merits of the crossclaim. 153 Ariz. at 573, 739 P.2d at 794.

■ We first note that natural parents are legally obligated to financially support their children. A.R.S. § 12–2451(A); *Barrett v. Barrett*, 44 Ariz. 509, 39 P.2d 621 (1934). If a natural parent abdicates his or her parental duties, and another individual financially supports the child, the law implies a promise by the irresponsible natural parent to reimburse the individual responsible for providing necessaries to the child. *Watkins v. Medical & Dental Finance Bureau, Inc.*, 101 Ariz. 580, 422 P.2d 696 (1967); *Barrett*, 44 Ariz. at 509, 39 P.2d at 625.

■ Here the natural father made no effort whatsoever to financially support his daughter. The husband of the child's mother, although under no legal obligation to do so, assisted in financially supporting the daughter. Under *Watkins* and *Barrett*, the natural father is legally obligated to reimburse the husband for monies expended in furnishing necessaries to the

**4.** The court rejected the husband's claim that he supported the child out of duress. The husband claimed that the only alternative to the natural father's suggestion that the husband raise the child as his own was to abort the child. The husband opposed this option for religious and personal reasons. We decline to acknowledge that an individual's views on abortion can support a duress claim.

daughter. Thus, the husband's crossclaim is meritorious unless it is time-barred.

■ The filing of the husband's crossclaim is not barred by any statute of limitations. A claim for child support—whether it is to be paid directly to the child, or to another for reimbursement of child support payments—is a claim upon which relief cannot be granted until the issue of paternity is first resolved. *See* A.R.S. § 12–849(A); *Sheldrick v. Superior Court*, 136 Ariz. 329, 666 P.2d 74 (1983). The Arizona legislature has not attempted to limit the period during which paternity actions may be initiated, *see* A.R.S. § 12–844, and we have held that actions to determine paternity and to assess support can be instituted throughout the child's minority. *See State v. Nerini*, 61 Ariz. 503, 151 P.2d 983 (1944); *State v. Christensen*, 19 Ariz.App. 479, 508 P.2d 366 (1973). Here the child's and wife's paternity complaints and the husband's crossclaim for reimbursement of child support were filed long before the daughter reached the age of majority. Thus, the filing of the husband's crossclaim is not barred by any applicable statute of limitations.

■ Laches will bar the filing of the husband's crossclaim if evidence suggests that the husband did not diligently pursue his claim for reimbursement and that the natural father was injured due to the husband's lack of diligence. *See Western Casualty & Surety Co. v. Evans*, 130 Ariz. 333, 337, 636 P.2d 111, 115 (App.1981). Here, the wife, husband, and natural father were aware prior to the child's birth that the child was conceived from an extramarital relationship between the wife and natural father. Having all information needed in order to file a claim for reimbursement of child support payments, and yet waiting nearly a decade before doing so, indicates that the husband did not diligently pursue his claim.[5]

The natural father claims that he was injured by the husband's failure to diligently pursue his claim.

> Here, through the inaction or non-action of the [husband], the [natural father] has gone about his business as though there was no child in need of support, and has so conducted his financial affairs that no money has ever been set aside for such a contingency, all because of the delay in filing any claim. Obviously, had the claim been made in a timely and non-dilatory fashion, ten years ago or even eight years ago when it should have been made, provisions could have been arranged and the child all along could have been supported, and the [natural father] would have made provisions therefor. Because of such non-action of the [husband] in bringing this claim for a period of ten years, it is now contended by the [husband] that because of such inaction and because of the failure to file such claim in a diligent fashion, the [natural father] is now not only to pay up, allegedly, ten years of alleged support by the [husband], but is to have to do so without making any provision for such a claim. The [natural father] should not be placed in such an unjust and damaging position simply because the [husband] was extremely dilatory in giving any notice of the filing of any action with regard to his claim for restitution for a period of ten years.

Appellee's Answering Brief at 24.

We are mindful that the husband's crossclaim filed at this late date will disrupt the natural father's financial affairs. We are also mindful, however, that the financial affairs of the husband were disrupted for ten years—a period of time during which the natural father not only enjoyed the full

---

**5.** The husband contends that he could not seek reimbursement from the natural father until a paternity complaint had been filed and that he could not file a paternity complaint under A.R.S. § 12–846. Section 12–846, as it was phrased when this action commenced, permitted only the county attorney or the child's mother, guardian, or best friend to file a paternity complaint. We need not express an opinion on whether the husband could qualify as a *de facto* guardian or best friend in this case, for we note that the husband could have acted outside the paternity statutes and sought declaratory relief on the issue of paternity. *See Thornsberry v. Superior Court*, 146 Ariz. 517, 707 P.2d 315 (1985); *Estate of Cook*, 63 Ariz. 78, 159 P.2d 797 (1945); *Estate of Silva*, 32 Ariz. 573, 261 P. 40 (1927).

use of his unrestricted personal funds, but also sat idly by and watched someone else fulfill his legal and moral obligations to a child he knew was his own. In such an instance, the scales of equity greatly favor the husband and preclude us from holding that the defense of laches is available to the natural father.

██ Although neither any statute of limitations nor laches bars the husband from filing his crossclaim, the amount that the husband can recover from the natural father is limited. "Ordinarily, the statutory period for a quasi-contractual cause of action is the same as for a cause of action based upon an oral contract." Restatement of Restitution § 148 comment f, at 593 (1937). In Arizona, the statute of limitations for indebtedness not evidenced by a written contract is three years. A.R.S. § 12–543(1). Here, the husband filed his crossclaim against the natural father more than three years after the child's birth. We decline, however, to bar recovery of the entire claim. The natural father's promise to reimburse the husband continues while the child is a minor, just like the natural father's obligation to support his child. A new cause of action for reimbursement, therefore, accrues each time the husband's share of the community estate expends money to support the child. The husband thus can recover from the natural father his community share of those funds spent for the daughter's necessaries that were expended within three years prior to the date on which the husband filed his crossclaim. *See Winston v. Robinson,* 270 Ark. 996, 999, 606 S.W.2d 757, 759 (1980) (statute of limitations does not bar entire cause of action, only support for period more than three years prior to filing of complaint); *Commonwealth v. Chase,* 385 Mass. 461, 472 n. 8, 432 N.E.2d 510, 517 n. 8 (1982) (six-year bar does not preclude bringing action during child's minority; it only limits the extent of defendant's retroactive financial exposure); *Tidwell v. Booker,* 290 N.C. 98, 116, 225 S.E.2d 816, 827 (1976); *South Carolina Department of Social Services v. Lowman,* 269 S.C. 41, 46, 236 S.E.2d 194, 196 (1977).

### III. ATTORNEY'S FEES

██ The husband sought recovery of his attorney's fees from the natural father

> because it was [the husband] who caused the [natural father] to be brought into the case and caused a lawyer to be appointed for the Child and caused the [natural father] to be found to be the father of the child, and because [the husband] was found not to be the father of the child.

Petition for Review at 6. This request was denied by both the trial court and the court of appeals. We also deny the request. The husband has cited no authority for his position and we perceive no basis in either law or equity that would entitle him to recover his attorney's fees below.

██ The natural father moved to recover attorney's fees incurred in responding to the husband's Motion for Reconsideration filed with the court of appeals. "In the exercise of [its] discretion and pursuant to A.R.S. § 12–341.01 and Rule 21(c), Arizona Rules of Civil Appellate Procedure," the court of appeals granted the request because the husband had "failed to deal with the authorities found compelling by the court in its decision." Order dated April 25, 1986. We have reviewed the record and conclude that the court of appeals did not abuse its discretion by honoring the natural father's request.

██ The natural father "moves this Court pursuant to A.R.S. § 12–341.01 for all of his attorney's fees incurred in responding to the Petition for Review" because the Petition is "unnecessary and highly repetitious." Response to Petition for Review at 10. Section § 12–341.01 is permissive in nature, unless "clear and convincing evidence [indicates] that the claim or defense constitutes harassment, is groundless and not made in good faith." A.R.S. § 12–341.01(C). After reviewing the record and noting the different conclusions of law reached by this court, the court of appeals, and the trial court, we are not persuaded by clear and convincing evidence that arguments raised in the Petition for Review were groundless and made in

bad faith to harass the natural father. The natural father's request is denied, and each party will bear his own costs incurred in bringing and/or defending this matter before this court.

## IV. CONCLUSION

We affirm in part and reverse in part the judgment of the trial court and the opinion of the court of appeals. We remand this matter to the trial court for a determination of the husband's community share of the amounts expended for the child's necessaries during the three-year period preceding the date on which his crossclaim was filed.

FELDMAN, V.C.J., and CAMERON and HOLOHAN, JJ., concur.

Note: Justice JAMES MOELLER recused himself and did not participate in the determination of this matter.