NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

WILLIAM ALLEN MCFARLANE, *Petitioner/Appellant*,

*v.*

JEANNE LOUISE MCFARLANE, *Respondent/Appellee*.

No. 1 CA-CV 20-0433 FC

FILED 6-1-2021

Appeal from the Superior Court in Maricopa County
No. FN 2016-050307
The Honorable Jon C. Rea, Judge (Retired)
The Honorable Melissa Iyer Julian, Judge

**AFFIRMED IN PART, VACATED IN PART; REMANDED**

APPEARANCES

William A. McFarlane, Moraga, CA
*Petitioner/Appellant*

---

**MEMORANDUM DECISION**

---

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge David B. Gass and Judge David D. Weinzweig joined.

---

**B R O W N**, Judge:

¶1        William McFarlane ("Husband") appeals the superior court's order denying his request to enforce the decree of dissolution relating to his former wife's unpaid credit card debt. Because the record lacks support for the court's order requiring Husband to stop using his credit card, we vacate that portion of the order and remand for further proceedings. We affirm the rest of the order.

## BACKGROUND

¶2        Husband and Jeanne McFarlane ("Wife") divorced in April 2018. In its decree, the superior court divided various debts and property between the parties, including community debt for a Citibank credit card ("Citibank debt"), with an outstanding balance of $11,333. The court ordered each party to pay half the debt, and later awarded Wife $6,000 in attorneys' fees she incurred in the litigation. Husband continued to use the credit card and eventually paid his portion of the Citibank debt, all his personal charges, and interest, as well as $2,124.01 of Wife's portion. Wife made a $50 payment on the Citibank debt.

¶3        Both parties now live in California. Husband filed a motion to enforce the decree. While the motion was pending, he obtained a $12,546.24 judgment against Wife in a California court for her portion of the Citibank debt. In his pretrial statement relating to his motion to enforce, Husband sought a lien on Wife's art collection stored in Arizona.

¶4        The superior court (Judge Rea) treated Husband's motion as a petition to enforce the decree under Arizona Rule of Family Law Procedure 91. Wife countered that Husband had unclean hands because he never produced the credit card statements, requested that payments be made directly to him, and made no payments to satisfy the $6,000 judgment for attorneys' fees. After an evidentiary hearing, the court found Wife owed Citibank $12,155.92, calculated by using the original debt, $5,666.50, plus interest compounded monthly at 21.49 percent, but minus her $50 payment. The court ordered Wife to make at least the minimum monthly payment,

and Husband to provide the monthly statements to Wife or allow her electronic access to the account. The court also ordered Husband not to use the credit card or else he would assume the whole debt. Husband timely appealed. Wife has not filed an answering brief, but in our discretion we decline to treat it as a confession of error. *See Nydam v. Crawford*, 181 Ariz. 101, 101 (App. 1994).

## DISCUSSION

### A.      Jurisdiction–Superior Court

¶5         In dissolution proceedings, the superior court's jurisdiction derives solely from statute. *See Thomas v. Thomas*, 220 Ariz. 290, 292, ¶ 8 (App. 2009). And the court exercises continuing jurisdiction to enforce decrees through its equitable powers to do "full and complete justice between the parties . . . ." *Jensen v. Beirne*, 241 Ariz. 225, 229, ¶ 14 (App. 2016) (quoting *Genda v. Superior Ct.*, 103 Ariz. 240, 244 (1968)).

> The [superior] court thus retains jurisdiction to enforce a dissolution decree, until such justice is achieved. In this pursuit, the court here may either grant relief in accordance with the original decree, or if such relief will no longer achieve full and complete justice between the parties, it may alternatively make new orders, consistent with the parties' property interests, to accomplish that end.

*Jensen*, 241 Ariz. at 229, ¶ 14 (citation omitted). Husband argues the court lacked jurisdiction to make any orders about the Citibank debt because enforcement of the decree must be resolved in a civil case. Given the court's equitable powers, and its statutory authority, the court retained jurisdiction to enforce the decree or make new orders, including addressing the parties' rights and obligations related to the Citibank debt. *See id.*; A.R.S. § 25-318(P) (authorizing a court (1) to enter orders transferring property between former spouses if a party violates an order to pay debts, and (2) find a party in contempt for failure to pay debts and impose appropriate sanctions).

¶6         Husband also contends the California judgment precluded the superior court from ruling on the same debt. The full faith and credit clause of the Constitution "requires all states to give to a sister state's judgment the [r]es judicata effect which the judgment would be accorded in the rendering state." *Tarnoff v. Jones*, 17 Ariz. App. 240, 243–44 (1972) (citing *Durfee v. Duke*, 375 U.S. 106 (1963)). But Arizona law recognizes that neither "[r]es judicata nor full faith and credit flowing from recognition of a judgment by a sister state is available to bar the court which originally

issued the judgment from subsequently modifying or reversing that judgment in accordance with the established laws and procedure of that original jurisdiction." *Tarnoff*, 17 Ariz. App. at 244. Notwithstanding the California judgment, the superior court had jurisdiction to enforce the decree or make new orders. *See Jensen*, 241 Ariz. at 229, ¶ 14.

¶7        Husband further argues that Judge Julian's October 2019 ruling barred the superior court from making any later orders on the Citibank debt. He contends the ruling made clear that enforcement of the debt must be adjudicated in civil court, citing *Andrews v. Andrews*, 126 Ariz. 55 (App. 1980). But the October 2019 ruling did not involve a motion to enforce; instead, it addressed, among other things, Husband's request to offset the $6,000 fee award against Wife's portion of the community debts. Judge Julian explained that an offset claim cannot properly be decided in a dissolution proceeding, specifically noting that Husband had not petitioned to enforce "such that the court could make any determinations as to whether and to what extent Wife has failed to pay her portion of the community debts and what remedy would be appropriate." In *Andrews*, we held that the superior court had no jurisdiction "to enter judgment for a civil contract claim" in a child support enforcement proceeding. 126 Ariz. at 58. Neither the October 2019 ruling nor *Andrews* barred Judge Rea from addressing various matters that Husband placed at issue by filing his motion to enforce the decree. *See generally* ARFLP 91; *see also* A.R.S. § 25-318.

###       B.       Lien Request

¶8        Husband next argues the superior court erred by denying his request for a lien on Wife's art collection. We review a court's order granting or denying post-decree relief for an abuse of discretion, *City of Phoenix v. Geyler*, 144 Ariz. 323, 328 (1985), which occurs if the court commits an error of law in exercising its discretion, *Fuentes v. Fuentes*, 209 Ariz. 51, 56, ¶ 23 (App. 2004).

¶9        According to Husband, the superior court's decision was punitive because the Citibank debt will not be satisfied for 22 years under the minimum monthly payment schedule. He also asserts that because the credit card is solely in his name, Wife has no incentive to pay the debt.

¶10       A "court may impress a lien on the separate property of either party . . . to secure the payment of . . . [c]ommunity debts that the court has ordered to be paid by the parties." A.R.S. § 25-318(E)(2). Thus, the court has discretion to impose a lien under the statute. The legislature identified

no specific factors for the court to consider in exercising its discretion. We discern no abuse of discretion. After considering the record, the court determined that a lien was unnecessary unless Wife fails to make the minimum payments.

### C.    Credit Card Use

¶11        In its ruling, the superior court made it clear that Wife is responsible "for the entire balance existing on the [Citibank debt] at present and all accrued interest." The court further ordered Husband to either stop using the credit card or assume the full amount of the debt. The court reasoned that Husband's use of the credit card would complicate Wife's ability to calculate what portion of the monthly minimum payment relates to her outstanding debt and interest, and what portion corresponds to Husband's new charges. Husband argues the court abused its discretion because it lacked authority to prevent him from using his own credit card.

¶12        The superior court may revoke or modify a property disposition if it "finds the existence of conditions that justify the reopening of a judgment under the laws of this state." A.R.S. § 25-327(A). "If the court finds that a party is in contempt as to an order to pay community debts, the court may impose appropriate sanctions under the law." A.R.S. § 25-318(P). Though the court's order might ease the administrative burden to perform an accounting, the record does not support the court's ruling. Nothing reflects that the court (1) found circumstances justifying reopening the decree, or (2) found either party in contempt. Without either of those findings, we cannot conclude the court acted within its authority by ordering Husband to discontinue use of his credit card. *See* A.R.S. § 25-327(A); § 25-318(P). Thus, we vacate that portion of the order.

## CONCLUSION

¶**13**      We vacate the portion of the superior court's order requiring Husband to stop using his own credit card and remand for further proceedings as the court deems appropriate.  We affirm the rest of the court's order.  Because each party has prevailed in part in this appeal, we decline to award taxable costs to either Husband or Wife.



AMY M. WOOD • Clerk of the Court
FILED:   AA